DETERMINED IN THE

# THIRD DEPARTMENT

IN THE

## APPELLATE DIVISION,

### 𝕹𝖔𝖛𝖊𝖒𝖇𝖊𝖗, 1898.*

MARTIN SHAVER, Appellant, v. ELLA G. SHAVER, as Administratrix, etc., of CHARLES H. SHAVER, Deceased, Respondent.

*Life insurance — an assignment of a policy by the insured to his brother to replace a lapsed policy in another company in which the brother was named as the beneficiary, is not fraudulent as to the creditors of the insured.*

A party, a policy of insurance upon whose life payable to his brother had been allowed to lapse, thereafter applied to another company for a policy payable to his brother, which the company declined to give, but issued a policy payable to the insured, his executors, administrators or assigns, stating that he could assign it to his brother, which he accordingly did, paying the premium due thereon, upon the delivery of the policy, and died some four months thereafter.

*Held,* that a claim of his administratrix that the assignment to his brother was in fraud of the creditors of the insured, who was insolvent at the time it was executed, could not be sustained;

That it was his manifest intention to insure his life for the benefit of his brother, and that the assignment of the policy made payable to himself was only a method by which his brother was designated as the beneficiary thereof, and was not a fraud upon the insured's creditors, for whose benefit he was under no obligation to insure his life.

*Quære,* as to the right of the creditors to recover the premium paid upon this policy.

APPEAL by the plaintiff, Martin Shaver, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Rensselaer on the 21st day of December, 1897, upon the verdict of a jury, as amended by an order made at the Greene Special Term and entered in the office of the clerk of

---

* The other cases of this department will be found in volume 34 App. Div.—[REP.

the county of Rensselaer on the 17th day of January, 1898, with notice of an intention to bring up for review upon such appeal an order entered in said clerk's office on the 23d day of December, 1897, denying the plaintiff's motion for a new trial made upon the minutes.

*John P. Curley* and *J. K. Long*, for the appellant.

*L. E. Griffith* and *Olin A. Martin*, for the respondent.

PARKER, P. J.:

The following facts are not disputed in this case: Since 1885 Charles H. Shaver had carried upon his life a policy of insurance, which by its terms was payable upon his death to his brother, Martin Shaver. In August, 1895, owing to a difference between the insured and the agent of that company, that policy was allowed to lapse, and the one in question was taken out from another company. In the application for insurance the insured asked that it be made payable to his brother Martin, but the company replied that it would not write a policy in that way, but that he could accomplish the same result by assigning the policy, and they sent him a policy payable to himself, his executors, administrators or assigns, the amount of which was $1,000. To this the insured replied that he wanted it for his brother as stated in the application, but as the company preferred to have it in this way he would make the assignment. Thereupon the agent of the company furnished to the insured two blank assignments, and wrote therein in duplicate an assignment of the policy from him to his brother. The insured thereupon executed both of them, which were witnessed by the agent; one was delivered *with the policy* to the insured, and the other retained for the company. The assignment left with the insured was thereupon promptly delivered by the insured to his brother Martin.

The premium of $11.87, due upon delivery of the policy, was paid by the insured, and also the subsequent one of the same amount, which became due in November.

On December 10, 1895, the insured, Charles H. Shaver, died, and his brother Martin, as assignee and owner of the policy, claimed from the company the $1,000 due upon it. The defendant herein, as administratrix of said deceased, also made claim to the same. Action was commenced against the company by Martin Shaver. The com-

pany caused the administratrix to be substituted as defendant in its place, and paid the money into court, and the question here presented is whether the brother or the administratrix is entitled to such fund.

The administratrix challenges the plaintiff's right to this money solely on the ground that the assignment to him was in fraud of the creditors of the deceased. And such claim of fraud is based solely upon the fact that, at the time he took out the insurance in question, the deceased was insolvent, and that the assignment was utterly without any consideration. The trial court has so held, and has given judgment to the defendant for the full amount of the policy, and from that judgment this appeal is taken.

The decision of the trial court proceeds upon the idea that at the time the policy was assigned it was a valuable asset belonging to the deceased, and that, being insolvent, he could not lawfully donate the same to his brother; that the fraud which such an assignment worked against his creditors vitiated the assignment and left the policy as an asset of his estate at the time of his death.

The conceded facts, in my judgment, negative such a conclusion. It is manifest that the policy in question was taken out by the deceased for the benefit of his brother. It evidently was to take the place of the one that had been allowed to lapse, and the deceased had never manifested any intent to take out an insurance for the benefit of his estate. Although made payable to himself or to his estate, an assignment of it to his brother was delivered simultaneously with the policy. In fact, as soon as the policy had an inception and became operative at all, it began to operate for the benefit of his brother as assignee thereof. The premium was paid that it might so operate, and it is clear that neither that premium nor any other would have been paid had it not so operated. Both the insured and the company recognized the insurance as one taken out for the benefit of the brother.

Under the facts, the case stands as if the policy had been made payable to the brother, and the assignment was but a mode of so providing.

The rights of the parties, therefore, are to be determined as if the policy had so provided, and in that view it is difficult to see upon what principle fraud can be charged against the assignment.

The deceased was under no obligation to insure his life for the benefit of his creditors, and, therefore, no fraud could be charged against him for having the policy which he did take out made payable to his brother, instead of to his estate. And no fraud can be predicated upon the assignment in question, because that was but the method by which his brother was designated as the one for whose benefit the policy was taken and to whom it was to be paid. The whole transaction, taken together, was but a contract between the deceased and the company to insure his own life for the benefit of his brother, and hence the assignment in question did not transfer anything in which the creditors ever had the slightest interest.

Concede that the insurance to the use of the brother was purely voluntary and without consideration, and concede that the deceased was insolvent at the time he took it out, nevertheless, by taking it out he diverted nothing from his creditors save the small premium which he paid therefor. Certainly it could not be said that if the policy had been made payable to the brother, the amount due thereunder had been wrongfully diverted from the creditors because the insolvent deceased had not taken it out payable to his estate. Nor could any claim be sustained that in equity the amount so due to the brother should be paid to them.

For the same reasons, under the conceded facts in this case, I conclude that the money due upon this policy has never been diverted from the creditors of the deceased, and that they have no claim upon the same.

I am not to be understood as holding that an insolvent debtor is at liberty to divert moneys from his estate, at the expense of his creditors, for the purpose of paying premiums to insure his life for the benefit of another. Except in those instances and to the extent that he is authorized by statute to do so for the benefit of his family, it may be that such payments may be reached by the creditors. But that is not the question presented here. The judgment in this case takes the whole of the insurance from the person for whom the insured designed it and gives it to his creditors. In my opinion such judgment is erroneous and should be reversed.

All concurred.

Judgment reversed, new trial granted, with costs to abide the event.