CONRAD C. KLEE, as Administrator c. t. a. of C. FRED HESS, Deceased, Plaintiff, v. CLEMENTINE S. HESS and NORTH-WESTERN MUTUAL LIFE INSURANCE COMPANY, Defendants.

Third Department, June 30, 1919.

Life insurance — right of creditors of husband to insurance upon his life bought for benefit of wife by premiums in excess of $500 — gross premiums less dividends as basis of determining amount of premiums — deduction of premiums necessary to carry amount loaned by company to insured — policies chargeable with creditor's claim.

In determining whether more than $500 was paid in life insurance premiums within the meaning of section 52 of the Domestic Relations Law, giving creditors of a husband the right to share in any insurance upon his life for the benefit of his wife purchased by premiums beyond that amount, the net premium is to be taken as a basis; that is the gross premium less any yearly dividends returned by the company.

In determining the right of creditors under said section the amount of loans made to the insured by the insurer are to be deducted from the face of the policies and the amount of premium necessary to carry the insurance to cover said loans is not to be considered a part of the $500; such loans are carried for the benefit of the insured and not for his wife.

A creditor is entitled to recover insurance bought by premiums in excess of the statutory $500 out of the policies in the inverse order of their issue.

But where justice requires it this rule is not to be followed. And so, where the later policies have been paid to the widow and it does not appear that she will be able to pay a judgment against her for moneys which she has received belonging to the creditor, the court will direct that the judgment shall be a lien on annuities to be paid by the insurance company from time to time.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

*Page & Hays* [*Frank M. Hays* of counsel], for the plaintiff.

*John G. Pembleton*, for the defendant Hess.

*Newell, Rhodes & Swartwood*, for the defendant insurance company.

JOHN M. KELLOGG, P. J.:

The plaintiff's intestate, at the time of his death, was making an annual payment of premiums on life insurance policies upon his life, for the benefit of his wife, which exceeded $500 per annum. The plaintiff brings this action for the benefit of the intestate's creditors, under section 52 of the Domestic Relations Law, and is entitled to share in any insurance moneys purchased by such excess premiums. The question, therefore, is how much excess annual premiums were paid and how much of the insurance moneys falls to the plaintiff on that account.

It is unnecessary to give the history of each of the six policies; they may be spoken of in quite general terms. Apparently all of the policies have been paid except the first one, in the defendant company, dated July 7, 1902. That policy was for $3,850, with an annual premium of $167.68, a part of which it seems was returned to the husband as a so-called dividend. In other words, the actual cost of carrying the insurance did not exhaust the entire premium and, there-

fore, the excess was credited to him upon the premiums to grow due, or otherwise paid to him. It is quite immaterial which course was followed. In any event the cost of carrying the insurance for the first year was not $167.68, but was that amount less the dividend. The policies of December 22, 1906, for $5,000, of May 1, 1908, for $2,500, and of December 23, 1909, for $5,000, are substantially subject to the same considerations.

On December 23, 1909, there was outstanding insurance upon the husband's life in favor of the wife for $16,350, upon which the net annual premiums paid by him aggregated substantially $500. We cannot say, without accurate computation, whether there was an actual excess of a few dollars at that time, and it is now unnecessary to make such computation.

A new policy was issued June 20, 1910, with an annual premium of $92, which was lessened from year to year by dividends, and a policy dated June 13, 1911, for $3,000, with an annual premium of $67.60, less dividends. We are, therefore, principally concerned with reference to these two policies.

Beginning February 1, 1912, the husband obtained loans of the companies upon the first four policies, which loans were not paid by him but survived him, to be deducted from the insurance money. The loans aggregated $1,984.50, which would reduce the amount of the policies from $24,350 to $22,365.50. It is evident, therefore, that the premiums paid by the husband after 1912 were not payable on life insurance payable solely to the wife, but a part of the payment represented the cost of carrying the insurance which secured and eventually paid his loans. These loans were carried for his and not for her benefit, and she should only be charged the premiums upon the amount of insurance carried for her benefit. It does not appear whether or not the widow is able to pay a judgment against her for the moneys which she has received belonging to the plaintiff.

The plaintiff is entitled to recover that portion of the insurance money purchased by the excess of annual premiums above $500, and naturally is entitled to it out of the policies in the inverse order of their issue. We have treated the plaintiff's interest as attaching to the last policies issued. The policies are so far connected, however, that they may

be treated as an entirety so far as it is necessary to do justice between the parties. The judgment, therefore, may provide that for any amount unpaid thereon it shall be a lien on the annuities to be paid by the defendant company from time to time.

Judgment is directed for the plaintiff, with costs. The plaintiff should be allowed interest upon his share of the moneys which have been received and used by the defendant, from the time of such receipt. Computation may be submitted and when approved inserted in the judgment.

All concurred.

Judgment directed as per opinion.