CHARLES B. STOUDT, as Administrator with the Will Annexed, Plaintiff, *v.* GUARANTY TRUST COMPANY OF NEW YORK and Another, Defendants.*

Supreme Court, New York County, July 18, 1933.

* Affd., 241 App. Div. ——.

*Hays, Hershfield, Kaufman & Schwabacher* [*Sydney C. Weinstein* and *Wolfgang S. Schwabacher* of counsel], for the plaintiff.

*Goldstein & Goldstein,* for the defendants.

SCHMUCK, J.   The attack on the complaint is twofold.   It is asserted *first,* that plaintiff is without legal capacity to sue, and *second,* that the complaint fails to state a cause of action.   The first objection may well be disposed of by a reference to section 19 of the Personal Property Law.   There it is provided that an administrator may for the benefit of creditors treat as void any transfer of property made in fraud of the rights of creditors.   The complaint alleges that the change in beneficiary was made at a time when the insured was insolvent and done in fraud of the creditors of his estate.   His right to sue to set aside the transfer is thus established and the first objection avoided.   The objection to the character of the complaint is laid at rest by an examination of section 55-a of the Insurance Law, to which the defendants allude as the basis of their protest.   In considering the effect of this provision of law attention must be given to the common law and the change sought to be effected.   Under the common law the allegations of the complaint are purposeful in the assertion of a proper cause of action.   Therefore, if section 55-a of the Insurance Law does not change or abrogate the law the complaint states a good cause of action.   In this connection *Chatham-Phenix Nat. Bank* v. *Crosney* (251 N. Y. 189) is conclusive.

From a reading of the statute and the authorities interpreting it the thought is borne out that section 55-a of the Insurance Law has no application to a policy not originally payable to a third party. As to such a policy the common law still applies. For this reason the objection that the complaint fails to state a good cause of action cannot prevail. The alternative proposal that the plaintiff is only entitled to recover the premiums paid in fraud of creditors is likewise without merit. If the common law applies, as is held, then the plaintiff is entitled to recover the entire proceeds of the policies. (*Gould* v. *Fleitmann*, 188 App. Div. 759.)

Order signed.