AMY R. HOLMES, Respondent, Appellant, *v.* THE JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY and Others, Appellants, Respondents.

Fourth Department, May 27, 1941.

*Lombardo & Pickard* [*Clarence G. Pickard* of counsel], for the respondent-appellant.

*Price & Miller* [*Joseph H. Morey* of counsel; *Walter L. Miller* with him on the brief], for the appellant-respondent The John Hancock Mutual Life Insurance Company.

*Morey & Schlenker* [*Joseph H. Morey* of counsel; *Walter L. Miller* with him on the brief], for the appellants-respondents Marie F. Holmes, Dwight Holmes and William R. Holmes.

McCURN, J. This plaintiff in a prior action secured a judgment based upon a default in alimony payments against her former husband who is now deceased. Since his death she brought this action as a judgment creditor to recover a portion of three insurance policies on the life of her deceased former husband under section 52 of the Domestic Relations Law. The facts were stipulated and a judgment was entered whereby it was adjudged that the plaintiff recover from the defendant insurance company the sum of $4,579.05, including costs, and adjudging that the plaintiff have a lien upon the life insurance policies for that amount, and that any interests of defendants Holmes are subordinate to plaintiff's lien. Defendants appeal from that judgment.

Since the judgment appealed from is founded upon section 52 of the Domestic Relations Law (Laws of 1909, chap. 19), we are called upon to determine whether the policies in question are governed by that statute. The statute provides:

" Insurance of husband's life. A married woman may, in her own name, or in the name of a third person, with his consent, as her trustee, cause the life of her husband to be insured for a definite period, or for the term of his natural life. Where a married woman survives such period or term she is entitled to receive the insurance money, payable by the terms of the policy, as her separate property, and free from any claim of a creditor or representative of her husband, except, that where the premium actually paid annually out of the husband's property exceeds five hundred dollars, that portion of the insurance money which is purchased by excess of premium above five hundred dollars, is primarily liable for the husband's debts. * * * "

Section 55-a of the Insurance Law, effective March 31, 1927 (now a part of section 166 of the Insurance Law [Laws of 1939, chap. 882]), provided in part as follows:

" Rights of creditors and beneficiaries under policies of life insurance. If a policy of insurance, whether heretofore or hereafter issued, is effected by any person on his own life or on another life, in favor of a person other than himself, or, except in cases of transfer with intent to defraud creditors, if a policy of life insurance is assigned or in any way made payable to any such person, the lawful beneficiary or assignee thereof, other than the insured or the person so effecting such insurance, or his executors or administrators, shall be entitled to its proceeds and avails against the creditors and representatives of the insured and of the person effecting the same, whether or not the right to change the beneficiary is reserved or permitted, and whether or not the policy is made payable to the person whose life is insured if the beneficiary or assignee shall predecease such person;  *   *   *."

While the latter statute does not in express terms repeal section 52 of the Domestic Relations Law, it has been held that it impliedly repeals the exception contained in the above-quoted portion thereof. ( *U. S. Mortgage & Trust Co.* v. *Ruggles*, 258 N. Y. 32, 39; *Chatham Phenix National Bank* v. *Crosney*, 251 id. 189, 195.) It was decided, however, in *Addiss* v. *Selig* (264 N. Y. 274) that section 55-a of the Insurance Law is not retroactive; that while it applies to pre-existing policies it does not apply to pre-existing creditors.

Plaintiff here at the time section 55-a of the Insurance Law became effective on March 31, 1927, was an existing creditor. Although her judgment was taken October 3, 1938, for alimony accruing from and after May 1, 1933, it was based upon a judgment of divorce entered March 15, 1923. It was a continuing obligation on the husband's part from the time of the entry of the decree. ( *Van Ness* v. *Ransom*, 215 N. Y. 557; *Thayer* v. *Thayer*, 145 App. Div. 268.) Did the plaintiff as such creditor on *March 31, 1927*, possess any rights under section 52 of the Domestic Relations Law to resort to the proceeds of the insurance policies in question to satisfy her claim for alimony? If such rights then existed they were not cut off by section 55-a of the Insurance Law and those rights still exist. (*Addiss* v. *Selig, supra.*) If she had no such creditor's rights under section 52 of the Domestic Relations Law at that time, she has none now, and section 55-a of the Insurance Law governs.

We examine first, policy No. 453560. It is dated August 30, 1916, principal sum, $2,500 — annual premium, $75.45 — beneficiary, Amy R. Holmes, wife (this plaintiff), with right reserved to the insured to change the beneficiary. By instrument dated August 5, 1925, the beneficiary was changed to his former wife, *Amy R. Holmes*, his wife, Marie F. Holmes, and his nephews William

R. Holmes and Morgan DeWitt Holmes. The insured by this instrument directed the amount due under said policy at its termination by his death, be paid in one sum to his said *former wife, if living,* otherwise to his said wife, if living, and if neither of them is living to the nephews in accordance with certain detailed provisions therein contained. That was the status of the policy on March 31, 1927, and it so remained until a further change of beneficiary was made on June 24, 1932. It is perfectly clear that on March 31, 1927, the plaintiff had no interest as a creditor pursuant to section 52 of the Domestic Relations Law, in " that portion of the insurance money which is purchased by excess of premium above five hundred dollars." Plaintiff at that time was the primary beneficiary and by the terms of the policy itself took the entire proceeds, if living.

The fact that the indorsement of June 24, 1932, made the then wife a beneficiary as to income is not material to the question of the application of section 52 of the Domestic Relations Law. If that section gave the plaintiff no rights as a creditor under the policy as it stood before the enactment of section 55-a of the Insurance Law, any subsequent changes of beneficiary are governed by the later statute. We, therefore, conclude that as to policy No. 453560 section 52 of the Domestic Relations Law does not apply.

The two remaining policies are:

1. Policy No. 1029040, dated December 26, 1923 — $10,000 — premium, $258.80 — Marie F. Holmes (wife), beneficiary;

2. Policy No. 1204243, dated June 27, 1925 — $10,000 — premium, $267.20 — beneficiary, his wife, Marie F. Holmes, if living, otherwise his nephews DeWitt and William Holmes.

On March 31, 1927, both policies were payable to the insured's wife as beneficiary so that this plaintiff as a creditor had a prospective interest in that portion of insurance money purchased by annual premiums in excess of $500 and such interest was not defeated by section 55-a of the Insurance Law.

In making computation to determine the annual cost of these two policies, we are confronted with the problem of whether section 52 of the Domestic Relations Law contemplates the gross annual premium or the net premium after the dividend is deducted. Both policies were participating policies. The insured became entitled to dividends each year after the first year during the time he paid the premiums. Each policy by its terms provided:

" Distribution Options.— Such surplus distributions may be — (a) taken in cash, (b) applied in abatement of premium payments, (c) left on deposit with the Company to accumulate with interest at the rate of not less than three and one half per centum per

annum, payable with the policy or withdrawable in cash on demand by the holder * * *."

On policy No. 1029040 the insured exercised option (b); that is, he applied all of his dividends each year on the reduction of the premium. On policy No. 1204243 he left all dividends upon deposit with the company under option (c). It would seem immaterial to the determination of our question which option he used. If used to reduce the premium it is obvious that the cost to him of his insurance was reduced. If left with the company it became a property asset which he could withdraw at any time on demand (*Manufacturers Trust Co.* v. *Equitable Life Assur. Soc.*, 244 App. Div. 357.) It is our opinion that the net premium should be taken as a basis to determine whether more than $500 in premiums were paid annually within the meaning of section 52 of the Domestic Relations Law. It was so held in *Klee* v. *Hess* (188 App. Div. 322). A computation made upon that basis shows a combined total net cost of less than $500 per year for the two policies in question. Therefore, section 52 of the Domestic Relations Law does not apply to the two policies under discussion. We have already pointed out that it does not apply to the first policy.

The plaintiff upon a cross-appeal urges that in any event she is entitled to recover the amount of all dividends accumulated on the policies and remaining in the hands of the insurance company at the time of the death of the insured. The policies provide that these accumulations are " payable with the policy," upon the death of the insured. Section 55-a of the Insurance Law provides that upon the death of the insured the beneficiary is entitled to such accumulations. However, the policies under consideration antedate the enactment of the statute and in such cases the policy provisions govern. (*Phœnix Mutual Life Ins. Co.* v. *Felig*, 254 App. Div. 364.) We are of the opinion that the accumulations pass to the beneficiary.

The plaintiff also contends that she is entitled to recover the entire proceeds of policy No. 453560 by reason of an alleged agreement on the part of her former husband, Henry S. Holmes, to keep that policy in force for her benefit as long as she lives and remains unmarried. We are of the opinion that the stipulated facts are insufficient to support such a contract.

That part of the judgment which awards the sum of $4,579.05 in favor of the plaintiff and against the defendant insurance company should be reversed.

The defendants, appellants, however, do not ask that the plaintiff be entirely precluded from sharing in the benefits under the said policies. They make the concession that the plaintiff is entitled

to a lien upon the income from said policies of $8.71 per year, and upon this appeal they ask that the judgment be modified to that extent. In view of such concession the judgment should be modified on the law so as to provide that plaintiff have a lien upon the income from said policies in the amount of $8.71 per year, and as so modified affirmed, without costs of this appeal to any party.

All concur. Present — CROSBY, P. J., CUNNINGHAM, DOWLING, HARRIS and McCURN, JJ.

Judgment modified on the law in accordance with the opinion and as modified affirmed, without costs of this appeal to any party.