FRED C. EHNES, Appellant, *v.* RAE KRINSKY et al., Respondents.

First Department, February 26, 1952.

*Harold Paul Goldman* of counsel (*Hugo I. Evans* with him on the brief; *Goldman, Evans & Goldman,* attorneys), for appellant.

*Abraham Kaplan* of counsel (*Abraham Kaplan,* attorney for Rae Krinsky, respondent; *Jacob M. Goldman,* attorney for Hattie Kaplan, respondent), for respondents.

CALLAHAN, J. The complaint of plaintiff in this action to set aside a fraudulent transfer of property has been dismissed upon the ground that the moneys transferred were exempt from the claim of creditors under subdivision 1 of section 166 of the Insurance Law. The moneys involved were the proceeds of a matured policy of life insurance obtained by defendant Krinsky on the life of her former husband. The policy was issued in December, 1941. The husband died in 1946, and the policy was paid.

Section 166 of the Insurance Law became effective January 1, 1940 (L. 1939, ch. 882). It provided for certain exemptions of the proceeds of life insurance policies issued upon the life of another. It stated, *inter alia,* that if a wife of the insured effected the insurance, she shall be entitled to the avails as against her own creditors. But subdivision 5 of section 166 defines a creditor as used in the section to include every claimant under a legal obligation contracted or incurred after the effective date of the chapter, viz., January 1, 1940. Here the liability of the wife to plaintiff was incurred long prior to such effective date. In fact, plaintiff obtained a judgment against defendant wife in 1934. Subdivision 5 of section 166 further provides that the rights of creditors, whose claims were contracted or incurred prior to the effective date of the chapter, shall be governed by section 55-a *et seq.* of the Insurance Law. Said section 55-a was among the sections expressly repealed by the same statute that enacted the new section 166, but the repealer would not deprive creditors of the rights assured them by the repealed statute (*Holmes* v. *John Hancock Mut. Life Ins. Co.,* 288 N. Y. 106). We construe the provisions of subdivision 5 to mean that the rights of pre-existing creditors such as plaintiff are governed by section 55-a, as it read at the time of its repeal.

Section 55-a (as added by L. 1927, ch. 468) did not appear to grant any right of exemption to a wife against the claims of her own creditors to the proceeds of a matured policy of insurance on the life of her husband paid to her. The exemption under section 55-a ran to proceeds of policies obtained " by any person on his own life or on another life, in favor of a person other than himself ". The exemption was granted as against creditors of the assured and of the person effecting the insurance. But the person effecting the insurance, unless he effected the policy upon his own life, must obtain it in " favor of a person other than himself " in order that the proceeds be exempt.

*Chatham Phenix Nat. Bank* v. *Crosney* (251 N. Y. 189) construed section 52 of the Domestic Relations Law, which granted certain exemptions to a wife of the insured, to include policies obtained by the husband on his own life in favor of the wife. It also held that section 52 was impliedly repealed by section 55-a. But the case involved claims of creditors of the husband and not of the wife. It did not purport to construe section 55-a in respect to the point in question here. It had been held in an earlier case in construing section 52 of the Domestic Relations Law that the exemption granted under that section did not protect the wife against the claims of her own creditors after receipt by her of the proceeds of matured policies (*Amberg* v. *Manhattan Life Ins. Co.*, 171 N. Y. 314). We think that section 55-a must be construed in like manner.

We, therefore, find that the present fund after receipt by the wife was not exempt from the claim of plaintiff.

There remains to be determined the issue as to whether the fund was transferred to defendant Kaplan fraudulently. The trial court did not resolve this issue. We are asked to determine it upon the present record. The issue, however, involves largely a question of whether there was any fraudulent intent. We think that whether such intent existed might best be determined by a trial of the facts before a judge who would have the advantage of seeing and hearing the witnesses. Accordingly, we reverse the judgment and order a new trial, with costs to abide the event.

PECK, P. J., VAN VOORHIS, SHIENTAG and BERGAN, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to abide the event. Settle order on notice.