M. Henry Martuscello, J.
Motion for summary judgment is denied. Plaintiff’s rights as a creditor accrued in 1938 when she obtained her judgment of separation (Holmes v. John Hancock Mut. Life Ins. Co., 262 App. Div. 99, 101; Van Ness v. Ransom, 215 N. Y. 557, 560). Section 55-a (now § 166) of the Insurance Law therefore applies (Ehnes v. Krinsky, 279 App. Div. 405); and Stoudt v. Guaranty Trust Co. (150 Misc. 675) cited by plaintiff, is not recognized as authority to the contrary for reasons appearing in Hechtkopf v. Mendlowitz (156 Misc. *93 635) notwithstanding the affirmance of said cited case (241 App. Div. 711), since same is not necessarily an approval of the dictum therein relied upon by plaintiff (Maurice v. Travelers Ins. Co., 121 Misc. 427, 430). With respect to defendant’s claim that plaintiff cannot succeed herein since she has pleaded constructive fraud, there is dictum in Levine v. Grey (271 App. Div. 891, later amd. 271 App. Div. 929, affd. 296 N. Y. 1018) that under section 55-a a creditor must, show actual and not constructive fraud; but I have been unable to find any authoritative decision to that effect. Section 55-a was enacted to ameliorate the hardship resulting to wife beneficiaries from the application of section 52 of the Domestic Relations Law (Chatham Phenix Nat. Bank & Trust Co. v. Crosney, 251 N. Y. 189, 196). On the basis of such historical purpose, I construe said section as granting wife beneficiaries rights, not theretofore had by them, as were enjoyed by stranger beneficiaries, namely, being entitled to the proceeds of a policy free from the claims of creditors of the insured, save so much thereof as represented premiums paid in fraud of creditors, as declared in Shaver v. Shaver (35 App. Div. 1), but otherwise not changing the common-law rule of permitting creditors to reach such proceeds where the designation of the beneficiary was a constructive fraud upon them as enunciated in Continental Nat. Bank v. Moore (83 App. Div. 419) and Gould v. Fleitmann (188 App. Div. 759). But apart from my view thereon, I am of the opinion that the pleaded allegations of the complaint spell out not only constructive fraud, but have a bearing as well on actual fraud and a weighing of actual fraudulent intent. ‘ ‘ Actual intent to defraud, or fraud in fact, like any other fact, may be shown by circumstantial evidence ” (Altman v. Finkel, 268 App. Div. 666, 669; Holden v. Burnham, 63 N. Y. 74, 76).
At the time of the assignment made to the moving defendant, the assured was in arrears of alimony payments in excess of $9,000, with knowledge of which he was legally chargeable. Plaintiff in her opposing affidavit reiterates her claim that the assignment was purposely made, “ with the intent to hinder and delay me as a creditor from collecting moneys due under a judgment which antedated the assignment of the policy by thirteen years.” She adds that: “My husband continually attempted to avoid payments directed under the said judgment and instituted various proceedings in this Court to avoid the payments thereunder. As a matter of fact, it became necessary for me to bring actions in foreign courts of the states where my husband took residence in order to enforce and collect alimony payments. From the time that the judgment of separa *94 tion was made and entered against my husband he never visited or communicated with either me or the children. From 1947 until the date of his death he kept his whereabouts a secret in order to prevent me from collecting the judgment. All of these factors plus additional factors that will have to be proven and established at the trial indicate clearly that the assignment of the policy made by my husband in August of 1951, was made with the definite intent to defraud me and prevent me from collecting monies which had already then accrued and which would, in the future, accrue under the judgment of separation.”
Defendant specifically failed to deny plaintiff’s accusation that it had knowledge of the husband’s purpose to defraud her and that the transfer to it was made without consideration, and by reason thereof a triable issue of fact as to fraud is raised.
Under section 55-a plaintiff may recover the premiums paid after the assignment of the policy if found that payment thereof was in fraud of creditors. There may be a question of whether or not she may reach'the entire proceeds of the policy, in view of dictum in the Levine case (supra) that section 55-a limits a creditor to recovery of premiums fraudulently paid after a change of beneficiary; however, I have been unable to find any binding authority on this point to that effect. In the Chatham Phenix case (supra) it was indicated that recovery there should be limited to the amount of premiums fraudulently paid, it appearing, however, that no fraud was shown in the designation of the beneficiary therein. In view of my opinion that section 55-a did not modify the common-law rights of the creditor, as stated above, it seems to me that the entire proceeds may be reached if fraud is shown (see Stoudt v. Guaranty Trust Co., 150 Misc. 675, supra).
The argument of the defendant that, since the prior changes of beneficiaries effected in 1937 and 1949 could not be attacked for fraud, plaintiff is barred from attacking the assignment herein is without merit. The deceased, prior to the said final assignment, reserved the right to change his beneficiary and his policy therefore was a chose in action and up to the time of the assignment thereof was deemed his property (Matter of Feynman, 77 F. 2d 320, 322); and any transfer of said property right, if in fraud of creditors, entitled plaintiff to bring an action with respect thereto, notwithstanding that fraud may not have been practiced in connection with the prior designations.
Gross v. Gross (280 App. Div. 433) is inapposite, and not controlling here. The question involved there was whether or not a wife, holding a judgment for unpaid alimony, could reach the cash surrender value of insurance policies held by the *95 husband. Beneficiaries of such policies were not made parties to the third-party proceeding. It was held that said wife, under the circumstances shown therein, could not obtain the relief thus sought, in view of the provisions of section 166 of the Insurance Law. No question of fraudulent transfer of beneficial interest in these policies was presented or passed upon in said case.
The facts disclosed by the papers require a trial (cf. Ehnes v. Krinsky, 279 App. Div. 405, supra). Submit order.