Arthur G. Klein, J.
This case was tried before me without a jury. Both sides waived findings of fact and conclusions of law. The plaintiff, as a long-standing judgment debtor of the defendant, Gertrude B. Koch, brings this action to set aside as fraudulent the transfer by her to her daughter, the defendant Cecilia A. Bodgers, of certain moneys, accruing to the defendant Koch after the death of her husband. These moneys she deposited in a bank account in her daughter’s name, retaining in herself a power of attorney to draw checks on the account. The plaintiff, for the purpose of simplicity, states in its memorandum that it accepts the defendants ’ position that the moneys remaining in the account are the proceeds of a Traveler’s Insurance Company policy on the life of defendant Koch’s husband. *558 The plaintiff’s judgment is against the defendant Koch and derives from nonpayment of certain demand notes indorsed by her in 1930 and 1931.
The defendants have moved to amend their answer to assert, as an affirmative defense, section 166 of the Insurance Law of the State of New York (L. 1939, ch. 882), claiming that by the provisions of this section the plaintiff is precluded from executing judgment against insurance proceeds paid to the widow of the insured. The section in question (subd. 1), after providing that, if a policy of insurance has been effected by any person upon the life of another person in favor of the person effecting the same, the person effecting the insurance shall be entitled to the proceeds of such policy against the creditors of the person insured, provided “if the person effecting such insurance shall be the wife of the insured, she shall be entitled to the proceeds and avails of such policy as against her own creditors ’ ’. Subdivision 5 of the section defines “ creditor ” as “ every claimant under a legal obligation contracted or incurred after the effective date of this chapter.” The effective date was January 1, 1940. The debt incurred here is conceded to have arisen in the 1930s.
In the case of Ehnes v. Krinsky (279 App. Div. 405), the court held that the proceeds of a policy of life insurance effected in 1941 by the defendant wife oil the life of decedent husband were not exempt from the claim of her creditors where the claim arose under a legal obligation incurred prior to January 1, 1940, the date when section 166 of the Insurance Law became effective. It must be noted in that case the policy was effected by the wife. There is no proof in the instant case that the defendant Koch effected the insurance. In the Ehnes case (supra) it was also held that section 55-a ei seq. of the Insurance Law, repealed by the 1939 enactment, did not grant any exemption to a wife against the claims of her own creditors. Nor may any such exemption be founded upon any policy of broad exemption as defendant Koch contends. The provisions of section 52 of the Domestic Relations Luav, before its amendment in 1957 (L. 1957, ch. 821), contained no provision exempting the claims of the Avidow’s creditors. Nor can any exemption be claimed by her under the proxdsions of the Surrogate’s Court Acb The policy in question xvns not a part of her husband’s estate. Similarly, the provisions of the Workmen’s Compensation Law may not be read as defining a policy of broad exemption as contended by the defendant Koch.
The plaintiff sufficiently established the allegations of the complaint on the issue ás tó xvhether the fund Avas transferred to the defendant Rodgers fraudulently. It is clear tó the court *559 from the evidence and from the inferences reasonably and properly drawn from the facts developed on the trial that the defendant Koch adopted the device of depositing the moneys in the name of the defendant Rodgers while reserving to herself the power of attorney to withdraw any part or all of the amount as a means of preventing her creditors from reaching such moneys.
Judgment is accordingly awarded to the plaintiff.