In re SURE–SNAP CORPORATION, a New York corporation, Debtor.

SURE–SNAP CORPORATION, a New York corporation, Plaintiff,

v.

NEW JERSEY LIFE INSURANCE COMPANY, Consolidated Bank, N.A., Mitchell Koshers, as Trustee of a Trust Indenture made the 4th day of April, 1984 between Alfred Shure as Settlor and Mitchell Koshers as Trustee, Steve Koshers, as Alternate Trustee of a Trust Indenture made the 4th day of April, 1984 between Alfred Shure as Settlor and Mitchell Koshers as Trustee, Robert Shure, as natural parent and legal guardian of Jared Shure, an infant, Peter R. Shure, as natural parent and legal guardian of Casey Z. Shure, an infant, and Gary Shure, as natural parent and legal guardian of Jessica Shure, an infant, Defendants.

Bankruptcy No. 87–00985–BKC–SMW. Adv. No. 88–0108–BKC–SMW–A.

United States Bankruptcy Court, S.D. Florida.

Aug. 2, 1988.

**450**

See also, Bkrtcy., 91 B.R. 178.

Mitchell Eisenstat, New York City, for Mitchell Koshers, Steve Koshers, Robert Shure, Peter R. Shure, and Gary Shure.

David Mitchell, Semet, Lickstein, Morgenstern & Berger, P.A., Coral Gables, Fla., for New Jersey Life Ins. Co.

Harry D. Lewis, Holland & Knight, Miami, Fla., for Sure–Snap Corp.

Joanne Gelfand, Akerman, Senterfitt & Eidson, Miami, Fla., for Consolidated Bank, N.A.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE having come before the Court upon Sure–Snap Corporation's (the debtor's) Complaint for Preliminary Injunction, to Set Aside Pre-petition Conveyance, for a Turnover of Funds, for Declaratory Judgment, and for a Money Judgment pursuant to 11 U.S.C. § 542, and the Court having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel, and being otherwise fully advised in the premises, does hereby make the following Findings of Fact and Conclusions of Law:

Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 157(a) and (b) and § 1334(b) and the district court's General Order of Reference. This is a core proceeding in which the Court is authorized to hear and determine all matters relating to this case in accordance with 28 U.S.C. § 157(b).

The motion of Gary Shure to dismiss the counterclaim and crossclaim against the debtor and others as yet unknown on behalf of Gary Shure, not directly relevant to the life insurance policy, was granted as to Elaine J. Shure personally, and the counterclaim of Gary Shure for allowance of his claim filed in this case was severed pursuant to Bankruptcy Rule 7021, and will be tried by a separate objection to the claim of Gary Shure to be filed by the debtor. The motion at the trial of the defendants Mitchell Koshers, Steve Koshers, Robert Shure, Gary Shure, and Peter Shure to dismiss the counterclaim and crossclaim against the debtor and New Jersey Life Insurance Company and Elaine J. Shure and others as yet unknown was granted at the trial.

On December 9, 1981, New Jersey Life Insurance Company ("New Jersey Life") issued a life insurance policy in the face amount of $100,000 (the "life insurance policy") insuring the life of Alfred Shure, the president and chief operating officer of the debtor. The life insurance policy was a whole life key man insurance policy with a cash surrender value, and listed the debtor as the owner and the only beneficiary on it. The debtor paid all the premiums on the life insurance policy between December 9,

1981 and the death of the insured, which occured on March 1, 1987.

Upon the death of Alfred Shure, conflicting claims to the insurance proceeds were asserted by the debtor and various of the defendants in this case. The debtor commenced this litigation to determine the rightful owner of the proceeds.

Prior to trial, the insurance proceeds in the total amount of $9,094.83 held by New Jersey Life were deposited in the trust account of Semet, Lickstein, Morgenstern & Berger, P.A. pursuant to Order of this Court entered on May 9, 1988.

The parties agree that to the extent state law is applicable, the law of the state of New York controls this case.

The defendants argue that Alfred Shure created a trust for the benefit of the defendants and then caused the beneficiary of the life insurance policy to be changed from the debtor to the trust. The debtor acknowledges the execution of the trust instrument by Alfred Shure but argues that: no property was settled in the trust at the time of its creation; the debtor never properly authorized or changed the beneficiary of the life insurance policy from the debtor to the trust; and the date of the transfer of the life insurance policy here at issue was the date of the death of the insured, rather than the date of the change of beneficiary of the life insurance policy. Because the insured died within ninety days prior to the filing of the Chapter 11 petition in this case, such a date of transfer would amount to fraudulent conveyance or preference under bankruptcy law.

In 1984 the policy was pledged as collateral to Consolidated Bank, N.A. The funds at issue in this adversary proceeding represent the balance remaining after a payment to Consolidated Bank, N.A. by New Jersey Life to satisfy the Bank's indebtedness based upon the pledge of the policy.

On April 4, 1984, Alfred Shure signed a trust indenture document settling a trust and naming his three grandchildren as beneficiaries. The trust was revocable at the option of the Settlor. The trust indenture refers to certain property described in a Schedule A to be attached to the indenture document. The attached Schedule A is blank.

On May 25, 1984, the Board of Directors of the debtor authorized a change in the beneficiary of the insurance policy from the debtor to the trust. The corporate minute book contains a certificate that the meeting of the Board of Directors was held, and that the Board authorized this change of beneficiary on May 25, 1984. The debtor was solvent on that date.

None of the beneficiaries under the trust paid any consideration for their interest in the trust, nor did any of the beneficiaries pay any of the insurance premiums on the insurance policy.

On February 5, 1985, Alfred Shure corresponded with New Jersey Life, indicating his desire to revoke the trust. Mr. Shure failed to observe the formalities required for revocation of a trust under New York law, however.

■ From the facts recited, the Court concludes that a valid life insurance trust was created by Alfred Shure on April 4, 1984. The Board of Directors of the debtor authorized a change in the beneficiary of the life insurance policy at issue in this case from the debtor to the trust on May 25, 1984. The date of change of beneficiary, rather than the date of Alfred Shure's death, is the correct date for determining whether the change of beneficiary amounted to a fraudulent conveyance under New York Debtor and Creditor Law §§ 273, 274 and 276 or 11 U.S.C. § 548.

■ Although numerous New York cases hold that a conveyance of life insurance to a trust, made while the Settlor is insolvent, is a fraudulent conveyance under New York law, the debtor was solvent at the time of this transfer. Had the debtor been insolvent, the result would have been different. *See,* e.g., *Stoudt v. Guaranty Trust Company of New York,* 150 Misc. 675, 271 N.Y.S. 409 (1933); *Kramer v. Metropolitan Life Insurance Company,* 9 Misc.2d 92, 154 N.Y.S.2d 565 (1956); *Gould v. Fleitmann,* 176 N.Y.S. 631 (1919); *Union Central Life Insurance Company v.*

452

*Flicker*, 101 F.2d 857, 861 (9th Cir.1939); *See also Feynman v. Rosenthal*, 77 F.2d 321 (2d Cir.1935).

Accordingly, the Court concludes that the change of beneficiary of the life insurance policy was valid, that the trust is entitled to payment of the $9,094.83 held by the law firm, and that judgment shall be entered for the trust and against Plaintiff. The parties shall bear their own costs.

A separate Final Judgment of even date has been entered in conformity herewith.