ANDREW VANDERBECK, as Administrator with the Will Annexed, of DIRK BLEEKER, Plaintiff, *v.* PROTECTED HOME CIRCLE, Defendant.

(Supreme Court, New York Trial Term, February, 1917.)

Benefit societies — foreign fraternal — constitution and by-laws of — who entitled to maintain action upon benefit certificate — contracts.

> Where the wife of a member of the defendant, a foreign fraternal benefit society authorized to do business in this state, predeceases him, and the benefit certificate· issued to him by defendant was made payable to his wife or his legal representatives, and there are no claimants other than a stepgrandchild, the sole legatee under the will of the deceased member, the administrator with the will annexed is entitled to maintain an action upon the certificate.

> The benefit certificate having been issued and delivered in this state and all payments made here was a New York contract, and neither the statutes of the domicile of the defendant nor its constitution and by-laws preclude a recovery by plaintiff upon the certificate.

ACTION to recover upon a benefit certificate.

Feiner & Maass (Ira Skutch, of counsel), for plaintiff.

Moot, Sprague, Brownell & Marcy (A. H. Williams and John W. Ryan, of counsel), for defendant.

NEWBURGER, J.   This action is brought by plaintiff, as administrator with the will annexed, to recover $1,000 upon a benefit certificate issued by the defendant society to one Dirk Bleeker on or about May 1, 1897.   The defendant is a fraternal benefit society organized under the laws of Pennsylvania, but author-

ized to do business in the state of New York. It has a number of subordinate societies or circles, amongst which is the Knickerbocker Circle 241, of the city of New York. The defendant delivered to the said Dirk Bleeker its benefit certificate for $1,000, payable to Anna, the wife of said Dirk Bleeker, or the legal representatives of the said Dirk Bleeker. The said Dirk Bleeker from May, 1897, to August 18, 1915, when he died, complied with all the terms of said benefit certificate in so far as making payment of the dues and monthly payments required. The wife, Anna Bleeker, died about one month prior to the said Dirk Bleeker. The said Dirk Bleeker left no widow, no children or other claimants except a stepgrandchild, Arthur Vanderbeck, who is the sole legatee under the will of the deceased. By the death of Anna Bleeker prior to Dirk Bleeker, under the certificate, payment is required to be made to the legal representatives. In this case who are the legal representatives? As has been said in a number of cases, legal representatives mean, ordinarily, executors or administrators, and that meaning will be attributed to them unless there be facts existing which show that the words were not used in any ordinary sense, but denote some other and different idea. *Griswold* v. *Sawyer,* 125 N. Y. 411; *Sulz* v. *Mutual Reserve L. F. Assn.,* 145 id. 563–574; *Quick* v. *Quick,* 161 App. Div. 880. There was no proof offered that the decedent had a different idea than that the amount of the certificate should pass to his estate. In *Griswold* v. *Sawyer,* 125 N. Y. 411, cited by defendant, it appeared that the policy had been issued payable " to the legal representatives " and the widow and children claimed the amount as legal representatives against the administrators of the insured, who also claimed it. On the trial it was shown that the insured had become insolvent and

had become reduced from large wealth to poverty and procured the policy, which was for a small amount, subsequently to his insolvency, and it was held that he effected this insurance not for the purpose of devoting the comparatively small sum to the payment of his large indebtedness to his numerous creditors, but for the benefit of his family; and the court after reaffirming the principle that legal representatives meant executors and administrators nevertheless held that the special circumstances of this case warranted the court in holding that the insured meant to protect his family, and therefore the policy was payable to the widow and children. No such circumstances exist in this case. The contention of the defendant that the laws and decisions of Pennsylvania govern this case is untenable. The certificate was issued and delivered in New York state and the payments were made here; it therefore is a New York contract. In *Pool* v. *New England Mutual Life Ins. Co.,* 123 App. Div. 885, it appeared that the defendant, a Massachusetts corporation, issued a policy of insurance. Application for the policy was made in New York city at a branch office of the company, the policy was delivered in New York city and the premium paid there. The court upon the authority of *Equitable Life Assur. Soc.* v. *Clements,* 140 U. S. 226, *Mutual Life Ins. Co.* v. *Hill,* 193 id. 551, and *Mutual Life Ins. Co.* v. *Cohen,* 179 id. 262, held that the contract must be construed under the laws of this state. Counsel for the defendant in his brief refers to the reversal by the United States Supreme Court of the case of *Greene* v. *Supreme Council Royal Arcanum,* 206 N. Y. 591. A careful reading of the very learned and exhaustive opinion of Chief Justice White shows that the reversal was not upon the question of where the contract had been made, but that as the constitution and by-laws were made a

part of the certificate, and also provided that the member would conform to all the laws now in force or which may hereafter be adopted, that the member was bound by any assessment adopted by the governing body of the order, and, furthermore, that the matter of increased assessment having been submitted to the Supreme Court of Massachusetts, the judgment of said court was proper evidence in the action in New York under the full faith and credit clause of the Constitution of the United.States, and that under the decisions of the United State's Supreme Court (*Selig* v. *Hamilton,* 234 U. S. 652; *Converse* v. *Hamilton,* 224 id. 243) the laws of the state by which a corporation is created govern in enforcing the liability of a stockholder and that the courts of Massachusetts had the right to pass upon.the question of the assessment. Nowhere in the opinion has the court modified or changed the rules heretofore referred to that the contract herein was made in New York and must be construed as such. I am also of the opinion that neither the .statutes of Pennsylvania nor the constitution and by-laws of the defendant in any way deprive the plaintiff from a recovery upon the certificate.

Judgment for plaintiff.