In the Matter of the Estate of ANTONI CZARNIAK, Deceased.

Surrogate's Court, Niagara County, July 9, 1931.

*Hunt & Carrie*, for the executrix.

*David Diamond*, for the executor of Stanislawa Siembida, deceased.

GOLD, S. Two policies of insurance were issued to decedent by the Prudential Insurance Company of America for the sum of $2,000 each on the 17th day of November, 1921, payable to " the executors, administrators or assigns of the Insured."

Immediately following the clause making each policy payable to " the executors, administrators or assigns of the Insured " there is the following provision: " If there be no beneficiary living at the death of the Insured the amount of insurance shall be payable to the executors, administrators or assigns of the Insured, unless otherwise provided in the Policy. The right to change the beneficiary has  *  *  *  been reserved by the Insured."

The beneficiary in each of said policies was changed on December 19, 1921, designating Stanislawa Ciesielska, daughter of the insured, as beneficiary. Subsequently the beneficiary married John W. Siembida, who survived her and was named executor under her will.

If no change of beneficiary had been made the latter clause above quoted would have been considered surplusage. With the change of beneficiary from " the executors, administrators or assigns of the Insured " to Stanislawa Ciesielska, the clause became very effective. In fact just as effective as if said Stanislawa Ciesielska had been made the beneficiary when the policies were issued.

The beneficiary died on the 24th day of December, 1930, and the insured died on the 4th day of February, 1931.

The executrix of the last will and testament of the insured and

the executor of the last will and testament of the beneficiary have each made claim to the said policies. The policies have been left with the court, pending the determination of the matter.

The executor of the estate of the beneficiary makes claim to the same by virtue of section 55-a of the Insurance Law (added by Laws of 1927, chap. 468) and has cited in support of his contention *Chatham-Phenix National Bank* v. *Crosney* (251 N. Y. 189). This section was added by chapter 468 of the Laws of 1927 and is not retroactive.

The executrix of the estate of the insured claims the same because of the fact that there was no beneficiary living at the death of the insured.

If no change of beneficiary had been made the proceeds would have been payable to the executors, administrators or assigns of the insured. If the beneficiary, Stanislawa Ciesielska, had been living at the time of the death of the insured the moneys would have been payable to her, the only effect of the change of beneficiary being to make the money payable to her, rather than the executors, administrators or assigns of the insured. It did not change any other parts of the contracts of insurance. Consequently, there being no beneficiary living at the time of the death of the insured, the amount of insurance in each policy became payable to the executors, administrators or assigns of the insured under the terms of the policies.

After the death of the beneficiary, the insured made his will in which he bequeathed the proceeds of these policies. He had the legal right to do so after the death of the said beneficiary. Therefore, the proceeds of these two policies pass under the will of the insured, rather than under the will of the beneficiary.

Let a decree be entered accordingly.