GEORGE MATTERN, as Administrator, etc., of WILLIAM MATTERN, Deceased, Plaintiff, *v.* THE GAS COMPANIES' EMPLOYEES' MUTUAL AID SOCIETY OF NEW YORK and Another, Defendants.

Municipal Court of New York, Borough of Manhattan, Ninth District, October 6, 1931.

*M. Walter Solomon*, for the plaintiff.

*H. E. Almberg*, for the defendant The Gas Companies' Employees' Mutual Aid Society of New York.

PRINCE, J.   This is a motion for judgment on the pleadings in favor of the plaintiff and against the defendant Gas Companies' Employees' Mutual Aid Society of New York.   The defendant Travelers Insurance Company was not served and does not appear.

William Mattern, plaintiff's intestate, became a member of the defendant society on December 28, 1915.   The constitution and by-laws of the society at that time provided that

" Life insurance for all active members shall be placed with an insurance company selected by the Insurance Committee and approved by the Board of Managers.   Insurance to the amount of $250.00 shall be provided for active members at the dues charged, as stated in Article 4, Section 1.

" The members may at any time designate in writing on a form provided by the society any change in the name of the beneficiary named in their original application, and such designation must be filed with, and recorded by the Secretary."

William Mattern designated his wife, Mary Mattern, as beneficiary, and pursuant to the above-quoted provisions, and by virtue of a contract, commonly known as a " group policy," made on January 1, 1916, between the society and the Travelers Insurance Company, a certificate was issued to William Mattern by said insurance company certifying that it would pay to the society, for the benefit of Mary Mattern, the sum of $250, which was thereafter, in accordance with the terms of the " group policy," increased to $1,000.   Mary Mattern, the beneficiary, died on January 20, 1926,

and predeceased her husband. Thereafter, William Mattern failed to make any other designation, and died on April 26, 1930. The by-laws of the society at the time of his death provided: " The death benefits shall be payable after death of an active member and upon due proof thereof to the beneficiary or beneficiaries designated by said member, or to a legal representative of such beneficiary or beneficiaries."

The insurance company then paid to the society the sum of $1,000, which said society thereupon paid over to the administratrix of the estate of Mary Mattern. This action is brought against the society by the administrator of the estate of William Mattern, who contends that the money was wrongfully paid to the administratrix of the estate of Mary Mattern, and that it should have been paid to him, as administrator.

It is to be noted that the provisions of article 7 of the Insurance Law, as amended, governing the insurance activities of fraternal benefit societies, is not applicable in this case because the insurer was the Travelers Insurance Company. The society was not itself carrying on an insurance business. It did not undertake to accumulate a fund out of which to make death benefit payments, but agreed to place life insurance for its members with an insurance company. It is to be further borne in mind that section 101-b, subdivision 2, of the Insurance Law (added by Laws of 1918, chap. 192, as amd. by Laws of 1929, chap. 292), which provides that the policy and the application shall contain the entire contract between the parties, does not apply in this case, inasmuch as it was enacted by the Legislature in 1918, and subsequent to the issuance of the policy herein in 1916. Since the contract between the Travelers Insurance Company and the society failed to make any provision for the method or manner in which beneficiaries might be named or changed, reference must be made to the constitution and by-laws of the society.

It seems to be well established, as the plaintiff contends, that the wife, Mary Mattern, had a mere expectancy and interest contingent on her survival of the assured, since, by the terms of the by-laws, the assured had the right to change the beneficiary. The wife had no vested interest until the death of her husband, and having predeceased him, no right to the proceeds descended to her heirs or estate by the laws of intestacy. (*Sabin* v. *Phinney*, 134 N. Y. 423; *Smith* v. *National Ben. Society*, 123 id. 85; *Hellenberg* v. *District No. 1 of Independent Order of B' Nai Berith*, 94 id. 580.)

It is contended by the defendant, however, that a beneficiary having been once designated, the proceeds of the policy, in accordance with the constitution and by-laws of the society, became

payable not only to the beneficiary, if living, but to the executor or administrator of a deceased beneficiary, if no other designation has been made by the member. Plaintiff's counsel puts a different interpretation on the words " legal representatives " as used in the by-laws, and it, therefore, becomes necessary to resolve the ambiguity created by the use of that term.

In the case of *Griswold* v. *Sawyer* (125 N. Y. 411) the Court of Appeals stated: " The sole matter for our determination is the meaning of the words ' legal representatives ' as used in the policy. It is undoubtedly true that the strict, technical, *prima facie* meaning of these words is administrators and executors, and that they must always have that meaning unless it can be seen that they were used in a different sense."

In the case of *Vanderbeck* v. *Protected Home Circle* (98 Misc. 691) the court stated: " As has been said in a number of cases, legal representatives mean, ordinarily, executors or administrators, and that meaning will be attributed to them unless there be facts existing which show that the words were not used in any ordinary sense, but denote some other and different idea. (*Griswold* v. *Sawyer*, 125 N. Y. 411; *Sulz* v. *Mutual Reserve L. F. Assn.*, 145 id. 563–574; *Quick* v. *Quick*, 161 App. Div. 880.) * * * In *Griswold* v. *Sawyer* (125 N. Y. 411), cited by defendant, it appeared that the policy had been issued payable ' to the legal representatives,' and the widow and children claimed the amount as legal representatives against the administrators of the insured, who also claimed it. * * * and the court, after reaffirming the principle that legal representatives meant executors and administrators nevertheless held that the special circumstances of this case warranted the court in holding that the insured meant to protect his family, and therefore the policy was payable to the widow and children. No such circumstances exist in this case."

The pleadings disclose no circumstances which would induce the court to depart from the ordinary, *prima facie* meaning of the words " legal representatives." Since these words, as used in the by-laws of the society, are held to mean executors or administrators, the sum of $1,000 received by the society from the Travelers Insurance Company was properly paid to the administratrix of the designated beneficiary, and cannot be claimed by the administrator of the estate of the assured.

The motion for judgment on the pleadings in favor of the plaintiff is denied, with ten dollars costs.