## Hamblin's Administratrix v. Hamblin's Administrator

(Decided December 11, 1931.)

STEPHENS & STEELY for appellant.

W. B. EARLY for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

William Cullen Hamblin was a brakeman in the employ of the Louisville & Nashville Railroad Company. On April 28, 1924, he married Leora Bolton, and there was born to them on December 16, 1926, a daughter, Eugene Hamblin. On July 1, 1925, the husband procured

a policy on his life in the amount of $2,000 and in which his wife, Leora, was made the beneficiary. There was a provision in the policy whereby the beneficiary might be changed by the insured, but he never exercised that right. There was also a stipulation in the policy saying: "If there is no beneficiary living at the death of said employee (the insured) the amount of insurance shall be paid to the executors, administrators or assigns of said employee" (the insured). The policy was procured by the railroad company under the plan whereby what is now termed "group insurance" is taken out by employers for the benefit of their employees and for that reason the insured is referred to in the above excerpt as "employee."

On April 15, 1927, the beneficiary in the policy, Leora Hamblin, died and the plaintiff and appellee herein, Cornelius Bolton, qualified as the administrator of her estate. He was also appointed and qualified as guardian for the infant, Eugene Hamblin. On August 26, 1929, William Cullen Hamblin married a second wife, Rachel Hamblin, and on February 24, 1931, her husband and the insured, William C. Hamblin, died intestate and a resident of Whitley county, Ky. His surviving widow, Rachel Hamblin, who is the appellant, and was defendant below, qualified as administratrix of her husband's estate and later collected from the insurance company the $2,000 insurance on his life. Following that the appellee and plaintiff, as administrator of Leora Hamblin, and as statutory guardian for her infant child, filed this declaratory judgment action in the Whitley circuit court against defendant, and in his petition he alleged that in his fiduciary capacities he was entitled to the entire proceeds of the insurance policy upon the theory that his ward inherited it from her mother, the named beneficiary in the policy. In furtherance of that theory plaintiff also alleged that defendant was not entitled to any of such proceeds either in her fiducial capacity, or as surviving widow of her husband, the insured, and the court was asked to adjudge the rights of the parties which plaintiff claimed was a judgment in his favor. The demurrer filed to the petition by the defendant was, on final submission, overruled with exceptions; but before that was done and without waiving her demurrer to the petition, defendant filed an answer, counterclaim, and cross-petition, in which she controverted the right of plaintiff to any part of the proceeds of the insurance,

except to half of what might remain, if any, after the payment of the debts of her husband and any preferred claim that she might have as distributee of his estate. She admitted that plaintiff was entitled as guardian for his infant ward to such half, but that he was not entitled to any portion of the policy as administrator of Leora Hamblin, deceased, since she was not living at the time of the death of the insured, and that upon her death the insurance automatically went to her husband's estate, and that, since he died intestate, she was entitled to her distributable share in the remaining proceeds of the policy, if any. To that part of the answer making such claims plaintiff filed a demurrer and the court sustained it with exceptions, and then rendered judgment in favor of plaintiff for the full amount of the policy, less "the necessary cost of administrating the estate" of her husband, and from that judgment defendant prosecutes this appeal. Neither the record, nor any part of the judgment, discloses any legal reasons that influenced the court in so adjudging, and we have searched the law in vain to find one.

It is somewhat difficult for us to grasp in its entirety the contention of counsel for plaintiff, but as best we can gather he bottoms his argument on the provisions of sections 654 and 655 of our present Statutes. The one (654) prescribes, in substance, that where a married woman is made the beneficiary in a life policy the proceeds when collected become her separate estate, and the policy inures to her separate use and benefit and that of her children "free from any claim of her husband or others." The other section (655) prescribes that: "When a policy of insurance is affected [evidently 'effected'] by any person on his own life or on another life in favor of some person other than himself, having an insurable interest therein, the lawful beneficiary thereof, other than himself or his legal representatives, shall be entitled to its proceeds against the creditors and representatives of the person effecting the same," etc. But we are as much in the dark in our effort to discover the applicability of either of those sections to the facts of this case as we are to discover the reason upon which the judgment appealed from was rendered. Each of them deals with *vested* insurance and which was not divested through the operation of any provisions of the policy, or by any provision contained in any charter or by-law of the company, or by virtue of a statute in effect when the policy

was procured. In such a case the beneficial right to the proceeds of the policy remains with the named beneficiary and becomes a part of his property and descends to his heirs in the absence of a will by him making a contrary disposition, although he should die before the insured.

Such was the holding of this court in the case of O'Bryan v. England, 173 Ky. 12, 189 S. W. 1126. Numerous other cases antedating it are to the same effect, and they are eminently sound. But, we repeat, none of them fit the facts of this case, since the policies there involved did not contain the clause automatically shifting the beneficiary if the one named in the policy should die before the insured, and that fact creates the broad difference between the contention of counsel (and the judgment of the court), and the correct law applicable to the facts of this case. To uphold the judgment appealed from the above-inserted shifting clause would have to be ignored, and which the court did, and counsel seeks to uphold it upon some theory; which, perhaps, is because it is against public policy, it being the only one of which we can conceive. Counsel for appellee concedes in his brief that where the right of the insured to change the policy is reserved therein, then the named beneficiary takes only a contingent interest subject to be defeated by the exercise of such right. If that be true, and it undoubtedly is, then it was equally competent for the immediate parties to this insurance contract to stipulate that the interest of the named beneficiary in the policy should likewise be contingent upon her outliving the insured, and that upon his death before then the insurance should go to others, which, in this case was the estate of the insured. The beneficiary in this case had no *vested* interest, since it was made contingent upon the happening of either of the two events above named, one of which (her death before the insured) happened, and the rights of the parties in and to the proceeds of the insurance at the time it became a fixed claim had theretofore become automatically changed and altered.

The case of Mutual Life Insurance Co. of New York v. Spohn, 170 Ky. 721, 186 S. W. 633, approved the principle that we have stated when it held that the insurance upon the life of a husband made payable to his wife, if living, but if not to her children or their guardian, shifted to the children upon the death of the wife before the insured, and there being no provision for it to be taken

from them their interest as beneficiaries became vested after the death of their mother. In so holding the court approved the right of parties to insert such clauses in life policies, and we know of no rule of law forbidding it.

On the contrary, the case of Hopkins v. Hopkins' Adm'r, 92 Ky. 324, 17 S. W. 864, 13 Ky. Law Rep. 707, approved the right of parties to the insurance contract to stipulate for an automatic shifting of the beneficial interest in the policy from the named beneficiary before the death of the insured. It was contended in that case that certain provisions of the charter of the insurance company that issued the policy prohibited such a stipulation, but this court held otherwise, and in doing so said:

> "They [provisions of the charter] certainly do not in express terms forbid such a condition in the contract, nor can the prohibition be fairly implied. They merely mean that when a married woman is entitled to insurance, or the proceeds of it, it must be held to be her separate estate, and not liable for the debts of her husband or those of the person through whom it was obtained. The insurance is her separate estate so long as it remains payable to her. This, however, does not prevent the insertion of a condition in the contract by which her right to the insurance may be defeated."

See, also, Mutual Life Insurance Co. v. Twyman, 122 Ky. 513, 92 S. W. 335, 97 S. W. 391, 28 Ky. Law Rep. 1153, 121 Am. St. Rep. 471; Twyman v. Twyman, 201 Ky. 102, 255 S. W. 1031, and Choate v. Provident Savings Life Assurance Society, 186 Ky. 288, 216 S. W. 1073. The last two cases dealt with the question as to the character of interest the beneficiary took in policies containing a provision that the insured might change his beneficiary, and it was held that such interest was a *contingent* one. The same conclusion inevitably follows where there is a provision for an automatic change of beneficiaries, unless the provision is invalid for some cause, but which we hold in this case is untrue. Counsel cite no authority so holding, and we are convinced that none can be found, unless, perhaps, there was a statute so providing. The facts in this case are undisputed and the law is perfectly plain. That being true, we cannot refrain from wondering why counsel so earnestly con-

452

tends to the contrary, and we are equally astonished that the court should give judicial approval thereto in the judgment appealed from.

Wherefore, the judgment is reversed, with directions to set it aside and to enter one conforming to the principles of this opinion.