## Hunt, Public Administrator, et al. v. Mutual Life Insurance Company of New York et al.

(Decided April 26, 1932.)

C. C. GRASSHAM far appellants.

WM. MARSHALL BULLITT; BRUCE & BULLITT; W. F. Mc-MURRY, JR.; BRADY M. STEWART; and BEN S ADAMS for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

On August 3, 1922, the Mutual Life Insurance Company of New York issued to William A. Marshall a $2,000 insurance policy on his life in which his wife, Bertha Marshall, was, made beneficiary. On July 30, 1929, Mrs. Marshall died intestate, survived by her husband, the insured, and their three children, Charles G.,

Clarence La Mar, and Dorothy Elzora, all infants. On August 10, 1930, William A. Marshall died intestate, and left surviving a wife, Mrs. Vada Skaggs Marshall, whom he married subsequent to the death of Mrs. Bertha Marshall, and the three children of his first marriage.

A. L. Scott, appointed as administrator of his estate, made the necessary proof and collected from the insurance company the $2,000 due under the policy. Thereafter, this action was instituted in the McCracken circuit court by Mrs. Mae Hunt, administrator of Mrs. Bertha Marshall, and by Anna Berry, guardian of the three infant children, against the company which issued the policy, the administrator of the insured, and Mrs. Vada Skaggs Marshall, his widow. In addition to the facts hereinbefore enumerated, the petition alleged that the proceeds of the policy belonged to the estate of Mrs. Bertha Marshall for the use and benefit of her three children. A photostatic copy of the insurance policy in question was filed as an exhibit with an amended petition. A general demurrer to the petition, as amended, was sustained, and, plaintiffs declining to further plead, it was adjudged that their petition be dismissed. They have appealed.

The policy contained the following provisions relating to the change of the beneficiary:

"If any beneficiary die before the Insured, the interest of such beneficiary shall vest in the Insured unless otherwise provided herein.

"If the interest of a beneficiary shall have vested in the Insured, or if the right to change the beneficiary has been reserved, the Insured if there be no existing assignment of this Policy, may from time to time, while this Policy is in force, designate a new beneficiary, with or without reserving the right to change the beneficiary, by filing written notice thereof at the Home Office of the Company, accompanied by this Policy for suitable endorsement hereon. Such change shall take effect upon the endorsement of the same on the Policy by the Company.

"The right to change this beneficiary has . . . been reserved."

It is contended by counsel for appellant that the quoted provisions of the policy merely vested the interest of the deceased beneficiary in the insured for the purpose of enabling him to designate a new beneficiary, and, having failed to do so, the three surviving children of the designated beneficiary, at his death, were entitled to receive the proceeds of the policy against his estate and against any claims of the widow.

It is further argued that, under the provisions of section 655, Kentucky Statutes, the interest of the beneficiary could not and did not vest in the insured, but at her death passed to her surviving children, subject only to the right reserved by insured to change the beneficiary, a right which he never exercised.

In the recent case of Hamblin's Admx. v. Hamblin's Admr. 241 Ky. 447, 44 S. W. (2d) 299, similar contentions were made with reference to a policy containing a provision whereby the beneficiary might be changed, and which also provided that, if there was no beneficiary living at the death of the insured, the amount of insurance should be paid to his executors, administrators, or assigns. The wife of insured who was made beneficiary in the policy died, survived by her husband, the insured, and one child. Insured died without ever having exercised the right to change the beneficiary, and was survived by the wife of a second marriage. In reversing the lower court's judgment in favor of the personal representative of the first wife for the full amount of the policy, it was pointed out that neither the statute (sections 654 and 655) nor the cases cited in support of the judgment were applicable, since they dealt with policies in which there was no provision automatically shifting the beneficiary in the event the one designated in the policy should die before the insured, while, in the policy under consideration, the designated beneficiary had no vested interest, since it might be defeated by her death before the insured or by his changing the beneficiary.

While the provisions of the policy in the Hamblin case and the one here are not identical in phraseology, they are identical in effect. Clearly, under the stipulations of the policy, any interest of the designated beneficiary at her death passed to and vested in the insured with the right reserved to him to designate another beneficiary, but, failing to exercise that right, the policy was

in effect the same as if it had by express terms been made payable to his estate.

The case of Conn v. White, 189 Ky. 185, 224 S. W. 764, and other authorities cited by appellants, involve policies payable to a named beneficiary without reservation or condition, or policies payable to a designated beneficiary subject to the right reserved to insured to change the beneficiary, but without stipulation for automatic change in the event of the death of beneficiary before insured. So it is at once apparent that they have no application here.

The Hamblin case and authorities therein cited so effectually dispose of every question involved here as to render further elaboration or citation of authorities unnecessary.

Judgment affirmed.