**KINDLEBERGER v. LINCOLN NAT. BANK OF WASHINGTON et al.**

No. 9053.

United States Court of Appeals District of Columbia.

Argued Nov. 14, 1945.

Decided April 29, 1946.

PRETTYMAN, Associate Justice, dissenting.

Mr. Leslie C. Garnett, of Washington, D. C., for appellant.

Mr. Arthur C. Keefer, of Washington, D. C., for appellees.

Before EDGERTON, WILBUR K. MILLER, and PRETTYMAN, Associate Justices.

WILBUR K. MILLER, Associate Justice.

In 1924, the New York Life Insurance Company issued two policies on the life of Michael E. Buckley, in each of which his wife, Julia C. Buckley, was named beneficiary. Both policies contained the following provisions:

"The insured may at any time and from time to time change the beneficiary, provided this policy is not then assigned."

"In the event of the death of any beneficiary before the insured, the interest of such beneficiary shall vest in the insured unless otherwise provided herein."

Julia C. Buckley died in 1935 and the appellant qualified as administrator of her estate. Michael E. Buckley died in 1943 without having changed the beneficiary designated in the policies. The appellees are the executors of his will.

The appellant, as the beneficiary's administrator, claimed the proceeds of the policies, as did the executors of the insured. The latter collected from the New York Life Insurance Company the sums payable by virtue of the policies, with the agreement, however, that the money should be held by the appellees to await the determination of the question whether the sums received properly belong to the estate of the beneficiary or to the estate of the insured. This suit was filed in the District Court of the United States for the District of Columbia by the administrator of the beneficiary against the executors of the insured in order to obtain that determination.

The appellees' motion to dismiss the complaint was granted by the trial court, and on this appeal the appellant complains of that action.

Notwithstanding the fact that the decedent died before the death of the insured, in which event the language of the policies provides that the interest of the beneficiary shall vest in the insured, the appellant asserts that he is entitled to the proceeds of the policies because of a statute which was enacted by the Congress on June 19, 1934, 48 Stat. 1175, ch. 672, § 16, ch. V, District of Columbia Code, Title 35, § 716 (5:-220o).[1]

The pertinent sentence of the statute, which is reproduced in full in the margin, is clarified when it is read with

---

[1] "When a policy of insurance, whether heretofore or hereafter issued, is effected by any person on his own life or on another life in favor of some person other than himself having an insurable interest therein, or, except in cases of transfer with intent to defraud creditors, if a policy of life insurance is assigned or in any way made payable to any such person, the lawful beneficiary or assignee thereof other than the insured or the person so effecting such insurance, or his executors or administrators, shall be entitled to its proceeds and avail (sic) against the creditors and representatives of the insured and of the person effecting such insurance whether or not the right to change the beneficiary is reserved or permitted and whether or not the policy is made payable to the person whose life is insured, if the beneficiary or assignee shall predecease such person * * *."

the omission of certain irrelevant phrases, thus:

"When a policy of insurance, whether heretofore or hereafter issued, is effected by any person on his own life or on another life in favor of some person other than himself * * * the lawful beneficiary * * * other than the insured or the person so effecting such insurance, *or his executors or administrators,* shall be entitled to its proceeds and avail(s) against the creditors and representatives of the insured * * *."

With the skeleton of the statute exposed as above, and with attention directed to the words which we have italicized, it is seen immediately that the meaning depends on the antecedent of the word "his" in the italicized phrase. We have no doubt that the word "beneficiary" is the antecedent of the word "his" in the statutory phrase "or his executors or administrators"; and that the meaning, therefore, is that the lawful beneficiary, or his executors or administrators, shall be entitled to the proceeds against the creditors and representatives of the insured.

In considering the matter, we are without the aid of the views of the members of the Congressional committees concerning the purpose and meaning of the language which they wrote into the act, because the hearings on the bill which became the statute under consideration contain no information concerning the section herein involved.

There is a dearth of authority for the reason that the question is one of first impression in this jurisdiction and does not seem to have arisen elsewhere, as far as we have ascertained, under an identical statute. But such authority as does exist confirms our view that the Congress intended the statute to mean that the lawful beneficiary, or the executors or administrators of the beneficiary, should be entitled to the proceeds of the policy against the creditors and representatives of the insured. In this view, the statute is contrary to the quoted provisions of the policies, and overrides them. This will appear from the cases we now proceed to discuss.

A somewhat similar statute has been in effect in Massachusetts since 1844, and § 55-a of the Insurance Law of New York, from which the statute involved here was largely copied, was adopted in 1927, c. 468, and has been rewritten as § 166 of the Insurance Law of 1939. Yet counsel do not cite from either of those jurisdictions any case construing the statute with respect to a factual situation such as that presented in this case, nor has our own rather extensive search discovered authority from either state. The closest approach is a decision of the Surrogate's Court of Niagara County, New York, in 1931, styled In re Czarniak's Estate, 140 Misc. 754, 251 N. Y.S. 536, 538. There the court said, "The executor of the estate of the beneficiary makes claim to the same (the proceeds of the policy) by virtue of section 55-a of the Insurance Law * * *. This section was added by chapter 468 of the Laws of 1927 and is not retroactive." Thus the surrogate did *not* construe § 55-a, but dismissed it as not being applicable, because the section was enacted after the policy was issued. Accordingly he rejected the claim of the beneficiary's executor. But it is a possible inference, if not a necessary one, that his decision would have been otherwise if he had considered the statute to be retroactive. With that exception, we find no New York decision which discusses § 55-a of the Insurance Law in a contest for the proceeds of a life insurance policy between the estate of a deceased beneficiary on the one hand, and the estate of a deceased insured on the other, when the designated beneficiary died first and the insured then died without having named another beneficiary.

We find, however, that for more than fifty years Kentucky has had a statute [2] almost identical with that now being consid-

---

[2] Chapter 171, § 118, p. 612, Kentucky Acts of 1893, Carroll's Kentucky Statutes, § 655. Now substantially repeated as § 297.150(1) Kentucky Revised Statutes. The original § 655, construed by the decisions, is as follows:

"When a policy of insurance is effected by any person on his own life or on another life in favor of some person other than himself, having an insurable interest therein, the lawful beneficiary thereof, other than himself or his legal rep-

ered, except that the statutory sentence involved in this case has additional material at its close which does not appear in the Kentucky statute. Numerous opinions have been written by the Court of Appeals of Kentucky concerning the effect of the statute in situations in which the designated beneficiary died before the insured and in which, after the subsequent death of the insured, the administrators or executors of both beneficiary and insured claimed the proceeds of the policy.

From the beginning the Kentucky court has held consistently that the term "legal representatives" in its statute means "legal representatives of the beneficiary." [3] The accretions to the rule as the decisions flowed on have been only to the effect that the statutory provision does not apply to those cases in which the policy either (1) saves to the insured the right to change the beneficiary, or (2) as in the latest case, Colovos' Admr. v. Gouvas,[4] vests the interest of a deceased beneficiary in the insured himself. That is to say, the Kentucky statute is interpreted by the court of that state as giving the proceeds to the estate of the beneficiary who predeceased the insured when the policy is silent as to what should happen under these circumstances; but the court recognizes the right of the insured to stipulate in the policy for a different disposition of the proceeds, should the beneficiary die first, since the statute does not provide otherwise.

But the District statute goes further than does Kentucky's, and specifically preserves to the estate of the beneficiary the right to the proceeds in instances in which the insured survives the beneficiary, and then dies without having designated another, *even if the policy contains a contrary provision*. The Colovos case does not overrule the previous opinions of the Kentucky court, but serves to reaffirm the earlier interpretations of the statute. It seems quite plain that, had there been appended at the end of the Kentucky statute, the following language which appears in the act here under consideration: "whether or not the right to change the beneficiary is reserved or permitted and whether or not the policy is made payable to the person whose life is insured, if the beneficiary or assignee shall predecease such person," the Kentucky court would have held its statute to be applicable even in those situations in which the policy reserved the right to change the beneficiary or gave its proceeds to the insured if the beneficiary died before him. It is the *absence* from the Kentucky statute of the language just quoted which has led the Court of Appeals of Kentucky to hold, in the Colovos and earlier cases, that the statute of that state does not apply if the right to change the beneficiary is reserved and if the policy is made payable to the insured in the event of the prior death of the beneficiary. The *presence* of the quoted provision in the statute here under consideration clearly overrules stipulations to the contrary which may be contained in policies.

Some of the Kentucky opinions, including that in the Colovos case, say that, when the beneficiary dies first and the policy saved to the insured the right to change beneficiaries or provided that the insured should have the proceeds if the beneficiary died before him, the interest of the beneficiary has not become vested. This would seem to make the statute applicable only if the deceased beneficiary could be said to have acquired a vested interest in the policy before his death. That is but another way of saying that the Kentucky statute does not apply if the policy provides that the beneficiary may be changed, or if the policy provides that the prior death of the beneficiary will automatically give the proceeds to the insured. Again, statutory provisions of the District of Columbia which do not exist in Kentucky account for the apparent difference between

---

resentatives, shall be entitled to its proceeds against the creditors and representatives of the person effecting the same."

[3] Hall v. Ayer, Ky., 105 S.W. 911; Neal's Admr. v. Shirley's Admr., 137 Ky. 818, 127 S.W. 471; Buckler v. Supreme Council, 143 Ky. 618, 136 S.W. 1006; Vaughan v. Brotherhood, 149 Ky. 587, 149 S.W. 937; O'Bryan v. England, 173 Ky. 12, 189 S.W. 1126; Hamblin v. Hamblin, 241 Ky. 447, 44 S.W.2d 299; Hunt v. Mutual Life Insurance Co., 243 Ky. 511, 49 S.W.2d 322; Cooper's Adm'r. y. Lebus' Adm'rs., 262 Ky. 245, 90 S.W.2d 33.

[4] 269 Ky. 752, 108 S.W.2d 820, 113 A. L.R. 871.

the Kentucky court's interpretation and our own; for in this jurisdiction it is provided by statute[5]

"All policies of life insurance upon the life of any person * * * which have been or shall be taken out for the benefit of * * * the wife or children of * * * such person * * * shall be vested in such wife or children * * * free and clear from all claims of the creditors of such insured person."

So, if the test of the statute's applicability be based on whether the deceased beneficiary had acquired a vested interest in the policy, it is immediately seen that in the District of Columbia there can be no question as to whether a wife acquires a vested interest when she is named beneficiary.

As we have stated, the meagre authority which exists elsewhere confirms our conclusion that in the statute before us the antecedent of the word "his" in the phrase "his executors or administrators," is "beneficiary or assignee." The Kentucky cases, which are readily seen to support this view when the differences between the statutory provisions are remembered, are the only authorities we have found which are sufficiently close to our factual situation to be helpful. Cases dealing with situations in which the insured still lives but has become bankrupt, and decisions of lower courts which make no reference to the statute and hence do not construe it, shed no light on the problem here.

This conclusion is strengthened by an examination of §§ 213 and 214 of Title 30 of the 1940 District of Columbia Code[6] which provide not only that a wife who is designated as the beneficiary of life insurance shall have a vested interest therein free and clear from all claims of the creditors of the insured, but also that if the wife dies before her husband, the insurance may be payable to the children or descendants and, if there be no children or descendants of the wife, to her legal representatives. These two sections of the Code, examined in conjunction with § 716, Title 35,[7] manifest a quite deliberate and careful intention on the part of the Congress to exempt the proceeds of insurance from the claims of the creditors of an insured husband, and to do so not only in favor of the beneficiary-wife, but also in favor of her children and legal representatives if she dies before her husband.

It is our view, therefore, that the effect of the statute is to give the proceeds of a policy such as it describes to the personal representatives of the beneficiary or assignee if the beneficiary or assignee does not survive the insured. This is limited, of course, to situations in which the insured did not exercise, after the death of the beneficiary, the right to designate another. It follows that the provisions of the insurance contracts and the provisions of the statute are in conflict. Under such circumstances, ordinarily the statute controls.[8] It expressly undertakes to do so in this case.

It is insisted for the appellees, however, that the statute here involved should not be held to prevail over the contrary provisions of the policies themselves, because the policy contracts were entered into before the enactment of the statute. They contend that this statutory provision cannot be given a retrospective interpretation, for that would be, they argue, to permit the statute

---

[5] Title 30, § 213, District of Columbia Code (1940).

[6] "§ 30—213 (14:48). All policies of life insurance upon the life of any person maturing on or after January 1, 1902, and which have been or shall be taken out for the benefit of or bona fide assigned to the wife or children of or any relative dependent upon such person, or any creditor, shall be vested in such wife or children or other relative or creditor, free and clear from all claims of the creditors of such insured person. (Mar. 3, 1901, 31 Stat. 1375, ch. 854, § 1162.)

"§ 30—214 (14:49). If the wife shall die before her husband, the amount of such insurance may be payable after her death to the children or descendants for their use, and to their guardian if under age; and if there be no children or descendants of the wife living at the time of her death, to her legal representatives. (Mar. 3, 1901, 31 Stat. 1375, ch. 854, § 1163.)"

[7] Section 716, Title 35, is reproduced in note 1, and is that section which has been considered at length herein.

[8] New York Life Insurance Co. v. Cravens, 178 U.S. 389, 20 S.Ct. 962, 44 L.Ed. 1116.

to impair the obligation of a contract which existed before it was adopted; and they say that such a construction "could not withstand constitutional challenge."

■ Since the business of insurance is affected with a public interest, life insurance contracts may be regulated by statute.[9] Although the police power fundamentally belongs to the states and not to the federal government, the right to exercise it for the general good is an inherent attribute of sovereignty. It follows that the Congress may legislate in the exercise of the police power with respect to matters local to the District of Columbia.[10] Moreover, persons who contract concerning matters which may be regulated by virtue of the police power of government necessarily enter into their engagements subject to the possible exercise of that power although it may be latent at the time the agreement is made.[11] That the contractual terms must yield to the statute in this case is, therefore, clear, unless it can properly be said, as the appellees urge, that in its retrospective feature the act offends against the Constitution by impairing the obligation of the contracts.

■ It does not seem to us that the obligation of the contract embodied in these policies is impaired by the application of the statute to them, the primary obligation of the insurance company being to pay the sums specified in the policies at the death of the insured. Since Buckley designated his wife as the beneficiary and so demonstrated his desire to provide for her after his death, it is difficult to perceive how any vested right of his under the contracts was impaired by the subsequent passage of an act of Congress which placed the proceeds of the policies beyond the reach of his creditors. Buckley survived until 1943, some nine years after the statute was adopted. He is presumed to have known of its contents, and, had he desired that the statute not control the disposition of the proceeds of his policies, he could have exercised the right reserved by him to change the beneficiary. He did not do so. All the insured has to do in this jurisdiction, if the statutory rule for disposition of the policy's proceeds does not suit him, is to designate another beneficiary when death removes the first one named.

■■ The Constitution does not forbid retrospective laws merely because of the retrospective aspect, and whether a statute operates retrospectively or only prospectively, depends on the legislative intent. When the Congress plainly intends retrospective effect, as it did in the statute here under consideration, the courts must interpret the enactment accordingly, unless to do so would result in a clear infraction of a constitutional provision.

■ The appellees contend that the Act of June 19, 1934,[12] does not confer upon an insured's wife a vested and indefeasible interest in policies in which she is named as the beneficiary, or the proceeds thereof, if the insured reserved the absolute and irrevocable right to change the beneficiary. We agree that the interest of the insured's wife in such policies may be defeated by the insured· by the simple expedient of changing the beneficiary. But in the absence of change, when the policies have matured because of the death of the insured, the plain provision of the statute is that the claim of the beneficiary to the proceeds cannot be defeated; and if the beneficiary has not survived, the language of the section is that his executors or administrators shall be entitled to the proceeds and avails against the creditors and representatives of the insured.

We conclude that it was error to dismiss the complaint, for the Congress deliberately made the statute applicable to policies issued before its enactment, and we find no constitutional barrier to upholding the legislative purpose in that respect.

Reversed.

---

[9] Hartford Accident & Indemnity Co. v. Nelson Mfg. Co., 291 U.S. 352, 360, 54 S.Ct. 392, 78 L.Ed. 840; Life & Casualty Insurance Co. v. McClay, 291 U.S. 566, 570, 54 S.Ct. 482, 78 L.Ed. 987.

[10] Moses v. United States, 16 App.D.C. 428, 50 L.R.A. 532.

[11] Home Building & Loan Ass'n v. Blaisdell, 290 U.S. 398, 54 S.Ct. 231, 78 L.Ed. 413, 88 A.L.R. 1481.

[12] District of Columbia Code, Title 35, § 716, supra.

PRETTYMAN, Associate Justice (dissenting).

I disagree with my brethren, and because the case is important and of first impression, I think I should indicate the reasons for my view. I do not think that the provisions of the statute are in conflict with those of the policies.

The genesis of this statute was in the controversy over the proceeds of life insurance policies in cases of bankruptcy. The Bankruptcy Act provides for the allowance of such exemptions as are prescribed by state laws,[1] and also provides, subject to those general exemptions, that when a bankrupt has an insurance policy which has a cash-surrender value payable to himself, his estate, or personal representatives, the trustee is entitled to that sum.[2] The Supreme Court held that where a New York bankrupt reserved the right to change the beneficiary, the cash value of the policy was not exempt under the then New York statute.[3] The New York legislature enacted Section 55-a of the Insurance Law (c. 468, § 1, Laws of 1927) to meet that situation. That section was a composite embodying the most desirable features of the Massachusetts, Pennsylvania, and Washington statutes.[4] Its sponsors represented it as an exemption statute designed for the protection of beneficiaries, primarily the family, from creditors of the insured; and one of the draftsmen has said that the Referee's opinion in In the Matter of Morris Messinger admirably sets forth the meaning of the statute.[5] The Referee there said that "The bulk of the statute undoubtedly follows that of Massachusetts", and held it to be an exemption statute.[6]

The District statute[7] was copied from that section of the New York law.[8] At the hearings before the Subcommittee of the Committee on the District of Columbia of the House of Representatives, the author of the bill was presented as William Brosmith, Chairman of the Committee on Insurance Law of the American Bar Association, and the bill as a draft prepared over a period of years, beginning with the appointment of the Committee by the then President of the Association, Mr. Charles Evans Hughes. The chapter in which this section appears was presented as being from the standard code provisions of the Association of Life Insurance Presidents and the American Life Convention.[9] In presenting the bill, both the House and Senate Committees told the Congress, "The courts have interpreted the section we have selected to exempt from bankruptcy proceedings the cash-surrender value of a policy."[10]

Many authorities in the fields of insurance and bankruptcy have commented on the statute.[11] State and federal courts have discussed it.[12] But nowhere, so far as we

[1] 30 Stat. 548, 11 U.S.C.A. § 24.

[2] 30 Stat. 565, 11 U.S.C.A. § 110.

[3] Cohen v. Samuels, 1917, 245 U.S. 50, 38 S.Ct. 36, 62 L.Ed. 143.

[4] Hirst, History of New York Life Insurance Law of 1927, 4 Am.Bankr.Rev. 328 (1928).

[5] In the Matter of Morris Messinger will be found at 4 Am.Bankr.Rev. 258 (1928). The statement of the draftsman (Mr. Hirst) is in the same volume at page 328.

[6] 4 Am.Bankr.Rev. 258, 265 (1928).

[7] D.C.Code (1940) § 35—716.

[8] H.R.Rep.No.1526, 73d Cong., 2d Sess. (1934); Sen.Rep.No.1420, 73d Cong., 2d Sess. (1934).

[9] Hearings before the Subcommittee on Insurance and Banking of the Committee on the District of Columbia on H.R.3941, 71st Cong., 2d Sess. (1930) 26, 45, 151, 264.

[10] H.R.Rep.No.1526 and Sen.Rep.No. 1420, supra note 8.

[11] Strouse and Blum, Rights of Creditors and Beneficiaries in Life Insurance Policies in New York, 4 Am.Bankr.Rev. 228 (1928); Isaac, When Life Policies are Exempt, id. at 304; Gardner, The Proposed Revision of the New York State Insurance Law, 4 Ins.Counsel J. 50 (Oct. 1937); Hirst, Exemptions under Sections 55-a, 55-b and 55-c of the Insurance Law, 96 N.Y.L.J. 1020 (Oct. 6, 1936); 6 Assoc. of Life Ins. Counsel Proceedings 152–163 (1934–1936); Cohen, Execution Process and Life Insurance, 39 Col.L.Rev. 139, 146 (1939).

[12] In re Messinger, 2 Cir., 1928, 29 F.2d 158, 68 A.L.R. 1205; Schwartz v. Holzman, 2 Cir., 1934, 69 F.2d 814; In re Firestone, D.C.S.D.N.Y., 1932, 2 F.Supp. 96; In re Weisman, D.C.S.D.,N.Y., 1934, 10 F.Supp. 312, the opinions in both the latter cases by Judge Patterson; Chatham Phenix Nat. Bank & Trust Co. v. Crosney, 1929, 251 N.Y. 189, 167 N.E. 217; Addiss v. Selig, 1933, 147 Misc. 731, 264 N.Y.S. 816, 1933, 240 App.Div. 829, 266 N.Y.S. 1008; Stoudt v. Guaranty

have been able to find, has any authority or any court suggested that under this statute, either in Massachusetts or in New York, the proceeds of a life insurance policy go to the representatives of a beneficiary who predeceases the insured. Every reference we have found is to the statute as an exemption statute for the protection of a living beneficiary against the creditors of the insured.

The lower courts of New York have repeatedly considered contests between the executors of beneficiaries who predeceased the insured and the executors of the insured. In no case which we have found did any of those courts apply this section of the New York law in determining the disposition of proceeds; instead, those courts followed the terms of the policies.[13] In fact, in the one case in which the applicability of the statute was urged, the Surrogate denied the contention, and no appeal was taken from his ruling.[14] The Supreme Judicial Court of Massachusetts held, in the presence of a like statute, that "If under a life insurance policy taken out by the insured a beneficiary's interest is terminated by his death before the death of the insured and no other beneficiary is designated to take that interest, it reverts as a lapsed trust to the legal representative of the insured."[15]

The majority opinion relies heavily on a series of Kentucky cases interpreting a similar Kentucky statute. The more recent decision from the same jurisdiction distinguishes the prior cases and, in my view, places a different interpretation on the Kentucky statute.[16] The case was one of death in a common disaster. The husband had several policies of life insurance on his own life, in all of which his wife was named as beneficiary. The policies were phrased in language strikingly similar to the policy in this case. The administrator of the wife's estate sought the proceeds of the policies, and the administrator of the husband's estate contested. The Court of Appeals of Kentucky specifically distinguished[17] the cases of Hamblin v. Hamblin and O'Bryan v. England, cited by the court in the present case, and held that since the wife's administrator had failed to establish her survivorship, the proceeds of the policies were properly payable to the husband's estate.[18] The court said that where a policy contains a clause providing for payment to the estate of the insured in case of the prior death of the named beneficiary, recovery of the proceeds of the policy by the named beneficiary may be defeated by either of two contingencies: (1) designation of another beneficiary by the insured, or (2) failure of the named beneficiary to survive the insured.[19] Thus, the court held that survivorship was a condition precedent to the beneficiary's taking the proceeds of the policy.

It is my view, based upon the history of the statute both before and after its enactment here and elsewhere, that the true meaning of the pertinent part of the statute is that the lawful beneficiary, other than the insured or his estate, is entitled to the proceeds of a life insurance policy against the creditors of the insured, whether or not the right to change the beneficiary is reserved, and whether or not the policy provides for payment to the estate of the insured if the beneficiary predeceases him. The statute protects a living beneficiary, not the heirs and creditors of a deceased one. Specifically, it is my view that the word "his" in the phrase "or his executors or administrators" refers to the insured and not to the beneficiary. The expression

---

Trust Co., 1934, 241 App.Div. 711, 269 N.Y.S. 997, 1933, 150 Misc. 675, 271 N.Y.S. 409.

[13] In re Czarniak's Estate, 1931, 140 Misc. 754, 251 N.Y.S. 536; In re Burza's Estate, 1935, 155 Misc. 44, 279 N.Y.S. 90; Morgan v. Sackett, 1939, 172 Misc. 855, 16 N.Y.S.2d 583; In re Valverde's Estate, 1933, 148 Misc. 49, 347, 265 N.Y.S. 484; Mattern v. Gas Companies' Employees' Mut. Aid Soc., 1931, 141 Misc. 510, 253 N.Y.S. 124.

[14] In re Czarniak's Estate, supra note 13. The Surrogate's reference to retro-activity had no part in the decision upon the point, as the insured and the beneficiary both died after the statute had been passed.

[15] Kruger v. John Hancock Mut. Life Ins. Co., 1937, 298 Mass. 124, 10 N.E.2d 97, 100, 112 A.L.R. 725.

[16] Colovos' Adm'r v. Gouvas, 1937, 269 Ky. 752, 108 S.W.2d 820, 113 A.L.R. 871.

[17] Id. 108 S.W.2d at 824.

[18] Ibid.

[19] Id. 108 S.W.2d at 825.

"lawful beneficiary, other than the insured, his executors or administrators" seems to be a common one in the insurance field.

I must admit that the language of the statute is confusing because of the interposition of the phrase "or the person so effecting such insurance," but I do not think that this awkward interposition destroys the meaning.

It seems to me that the decision of the court in this case (1) will nullify the provision in innumerable contracts of insurance that if a named beneficiary predeceases the insured, the proceeds shall be payable to the estate of the insured, (2) will extend the protection of the statute to a class of persons (heirs, legal representatives, legatees and creditors of a beneficiary) wholly uncontemplated by the statute, and (3) will change the long-standing rule in this jurisdiction that where a beneficiary predeceases the insured, the proceeds belong to the estate of the insured.[20] I do not think that a mere ambiguity in a statute should be so resolved. The language of the contracts is clear. The contractual provision is nowhere frowned upon as adverse to public policy, to justice to parties involved, or to regulatory convenience. Clear language is necessary to accomplish so drastic a nullification of contracts so widely made, and so drastic a change in well-established rules of insurance law. Especially do I think that such a result ought not to be reached for the first time so many years after the enactment of a statute, in this case 1927 in New York. If the New York law or the 1934 District of Columbia law had accomplished such decisive departures from accepted rules, it seems to me that someone would have said so somewhere—before Congress, in Congress, in a published article, notably the voluminous current literature on insurance, or in a court opinion, of which there are many dealing with the subject matter.

I think that the District Court was right and that its judgment should be affirmed.

---

[20] Washington Endowment Association v. Wood, 1885, 4 Mackey 19, 54 Am.Rep. 251.