**HORNING et al. v. LINDSAY.**

No. 9733.

United States Court of Appeals
District of Columbia.

Argued May 11, 1948.

Decided Aug. 30, 1948.

Mr. Frank F. Roberson, of Washington, D. C., with whom Mr. George D. Horning, Jr., of Washington, D. C., was on the brief, for appellants.

Mr. William S. Tarver, of Washington, D. C., with whom Mr. John L. Laskey, of Washington, D. C., was on the brief, for appellee.

Before EDGERTON, C L A R K, and WILBUR K. MILLER, Associate Justices.

WILBUR K. MILLER, Associate Justice.

This appeal requires us to decide between conflicting claims to the proceeds of a policy of insurance on the life of James Burns Horning. By the terms of the policy, which was issued January 12, 1926, the insurer agreed to pay, upon receipt of due proof of the death of the insured, the sum of $5,000 to "his wife, Mary Margaret Horning, if living; otherwise to his executors, administrators or assigns."

Mrs. Horning died in November, 1945. Her husband lived some sixteen months thereafter, and died without having changed the language of the beneficiary clause just quoted.

Horning's executors, who are the appellants, claimed the proceeds of the policy on the theory that, as Mrs. Horning was not living when her husband died, they are the designated beneficiaries. Under a statute, the text of which is shown in the margin,[1] Mrs. Horning's administratrix, who is the appellee, also claimed the proceeds. The District Court of the United States for the District of Columbia awarded summary judgment to the beneficiary's administratrix. The executors of the insured appeal.

Mrs. Horning's administratrix relies upon our construction of the statute in Kin-

[1] D.C.Code (1940), Title 35, § 716, 48 Stat. 1175, c. 672, § 16, c. V, the pertinent portion of which is:

"When a policy of insurance, whether heretofore or hereafter issued, is effected by any person on his own life or on another life in favor of some person other than himself having an insurable interest therein, or, except in cases of transfer with intent to defraud creditors, if a policy of life insurance is assigned or in any way made payable to any such person, the lawful beneficiary or assignee thereof other than the insured or the person so effecting such insurance, or his executors or administrators, shall be entitled to its proceeds and avail (sic) against the creditors and representatives of the insured and of the person effecting such insurance whether or not the right to change the beneficiary is reserved or permitted and whether or not the policy is

dleberger v. Lincoln National Bank[2] to sustain the judgment of the District Court. But the policies involved in that case unqualifiedly designated the wife of the insured as the beneficiary; there was no limiting expression such as the words "if living" which are in the policy now before us. And, although in that case the beneficiary died before her husband's death, he did not designate a successor beneficiary, as he had the right to do. We held that, in such circumstances, the statute gave the proceeds to the beneficiary's estate, regardless of a policy provision to the contrary.

In the present case, however, the wife was not designated unconditionally as the beneficiary. She was to be such only if she were living when the insured died. The statute does not apply here because Mrs. Horning was not "the lawful beneficiary" of which the statute speaks. She was only contingently and potentially the beneficiary. Horning deliberately had written in the policy the designation of other beneficiaries should his wife precede him in death. Consequently, as she died prior to his death and so *never became the beneficiary*, title to the proceeds of the policy never vested in her and the designation of the insured's executors, administrators or assigns as beneficiaries became effective.

It is pointed out by the appellee that in his application for the insurance, which by statute and by express provision of the policy is made a part of the contract, Horning requested that Mary Margaret Horning be named as beneficiary and that the words "if living; otherwise to his executors, administrators or assigns" do not appear in the application. She argues that the wording of the application prevails over that of the policy; that her decedent was therefore designated as beneficiary without condition or limitation; and that the statute is applicable, as it was in the Kindleberger case. The appellee proceeds from an unsound premise, for where a provision of an application and a policy are in irreconcilable conflict, the language of the policy controls. McMaster v. New York Life Insurance Co., 1901, 183 U.S. 25, 22 S.Ct. 10, 46 L.Ed. 64; North American Accident Insurance Co. v. Anderson, 10 Cir., 1938, 100 F.2d 452; Aetna Life Insurance Co. v. Phillips, 10 Cir., 1934, 69 F.2d 901; New York Life Insurance Co. v. Tolbert, 10 Cir., 1932, 55 F.2d 10, certiorari denied sub nom. Tolbert v. New York Life Insurance Co., 1932, 285 U.S. 551, 52 S.Ct. 407, 76 L.Ed. 941; Burt v. Burt, 1907, 218 Pa. 198, 67 A. 210, 11 Ann.Cas. 708; Hunter v. Scott, 1891, 108 N.C. 213, 12 S.E. 1027.

From what has been said, it follows that summary judgment should have been entered for the appellants.

Reversed.

---

made payable to the person whose life is insured, if the beneficiary or assignee shall predecease such person * * *."

[2] 1946, 81 U.S.App.D.C. 101, 155 F.2d 281, certiorari denied sub nom. Lincoln National Bank v. Kindleberger, 1947, 329 U.S. 803, 67 S.Ct. 495, 91 L.Ed. 686.