## KAHN v. WALL.

### No. 852.

Municipal Court of Appeals for the
District of Columbia.

Argued Sept. 26, 1949.

Decided Oct. 20, 1949.

Stuart H. Robeson, Washington, D. C., for appellant.

James A. Crooks, Washington D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

On March 15, 1949, appellant for a consideration of $9,000 purchased from an association, organized for the purpose of owning and operating an apartment house building on a cooperative plan, the "right to perpetual use and enjoyment" of an individual apartment in the building. On May 12 appellant brought a landlord and tenant proceeding for possession of the apartment on the ground that he desired possession in good faith for his own personal use and occupancy. Defendant in the proceeding was the tenant who had been in possession long prior to purchase of the building by the association. The trial court held that under the District of Columbia Emergency

Rent Act [1] as amended appellant was not entitled to possession.

■ This appeal attacks the constitutionality of the Rent Act. The entire Act is said to be now unconstitutional because the emergency with respect to housing accommodations in the District which formed the basis for passage of the Act has ceased to exist.[2] However, appellant offered no evidence to support this assertion but asks this Court to take judicial notice of that which he asserts to be a fact. The Rent Act was originally enacted December 2, 1941, and by its terms was to expire December 31, 1945, but Congress has successively extended it. The latest extension was by Act of April 19, 1949,[3] extending the Act until June 30, 1950. It must be assumed that Congress by this latest extension found a continuing existence of the emergency justifying continued existence of the Act. This Court is not prepared by the process of judicial notice to override the judgment of Congress so recently exercised.[4]

Appellant's main argument is directed to his claim that the provision of section 4 of the extension Act of April 19, 1949, is unconstitutional. This section amends paragraph (2) of section 5 (b) of the original Act and relates specifically to housing accommodations owned or leased by a cooperative corporation or association. Its rather complicated wording has been interpreted in Abbot v. Bralove, U.S.App.D.C., 176 F.2d 64, to mean that a member of a cooperative seeking possession for his own use and occupancy cannot oust a tenant unless (1) 65% of the persons who were tenants at the time the cooperative acquired or contracted to acquire the property have become members, or (2) the member acquired his right in the apartment before March 1, 1949.

Appellant concedes that 65% of the tenants in the building when acquired by the cooperative have not become members

and that he did not acquire his rights until after March 1, 1949. He cannot meet either of the requirements and attacks the constitutionality of both.

■ Appellant says the March 1, 1949, requirement is retroactive and unconstitutional as it affects him. His argument is that when he paid his money and acquired his rights on March 15 he then became entitled to obtain possession of the apartment on a showing that he sought possession in good faith for his own use; that such was the law under the decisions of this Court in Hicks v. Bigelow, D.C.Mun.App., 55 A.2d 924, and Glennon v. Butler, D.C. Mun.App., 66 A.2d 519; and that the amendatory Act of April 19, 1949, making March 1, 1949, the critical date, was retroactive in that it invalidated his right to possession acquired on March 15.

Retroactive or retrospective laws are not forbidden by the Constitution merely because of such feature. Kindleberger v. Lincoln Nat. Bank of Washington, 81 U.S. App.D.C. 101, 155 F.2d 281, 167 A.L.R. 1011, certiorari denied, Lincoln Nat. Bank of Washington v. Kindleberger, 329 U.S. 803, 67 S.Ct. 495, 91 L.Ed. 686; The Blanchard Machine Company v. Reconstruction Finance Corporation Adjustment Board, App.D.C., —— F.2d ——. Therefore, assuming that the amendatory Act may be classed as retrospective legislation, it cannot on that account alone be deemed unconstitutional. Appellant says the retrospective feature of the law deprived him of a vested right. The Rent Act is one of a temporary nature enacted to meet the exigencies of an emergency and was enacted under the police power which Congress exercises over the District of Columbia.[5] Vested rights may be impaired under such power. "Although as a general rule vested rights cannot be impaired by retrospective legislation, this is not true in respect of regulation under the police power." Speert v. Morgenthau,

---

1. Code 1940, Supp. VI, 45—1601 to 1611.

2. See Chastleton Corporation v. Sinclair, 264 U.S. 543, 44 S.Ct. 405, 68 L.Ed. 841.

3. Public Law 45, 81st Cong., 1st Sess., 63 Stat. 48.

4. Cf. Woods v. Cloyd W. Miller Co., 333 U.S. 138, 68 S.Ct. 421, 92 L.Ed. 596.

5. Block v. Hirsh, 256 U.S. 135, 41 S.Ct. 458, 65 L.Ed. 865, 16 A.L.R. 165. Cf. Edgar A. Levy Leasing Co. v. Siegel, 258 U.S. 242, 42 S.Ct. 289, 66 L.Ed. 595.

73 App.D.C. 70, 74, 116 F.2d 301, 305.[6] The passage of the Rent Act itself restricted rights of all landlords in relation to tenants of housing accommodations.[7]

 Furthermore, we do not think appellant was deprived of any vested right. The amendatory Act did not in any way impair the rights and obligations of appellant's contract of purchase with the cooperative. That contract gave him no right to possession of the apartment. It could not give such a right and in fact it contained an express provision that appellant's right of occupancy was subject "to whatever right any present tenant of such apartment may have under the landlord and tenant law of the District of Columbia." Appellant's right to maintain an action for possession arose from his status as "owner" of the apartment, but before that status was obtained Congress by the Rent Act had regulated the right to obtain possession of housing accommodations. While the Rent Act exists right to possession of housing accommodations is controlled by and grows out of that Act. Any right appellant had on March 15 to obtain possession of his apartment was strictly statutory. Rights conferred by statute may be modified or abolished by subsequent legislation without violation of any constitutional provision.[8] "Federal regulation of future action based upon rights previously acquired by the person regulated is not prohibited by the Constitution. So long as the Constitution authorizes the subsequently enacted legislation, the fact that its provisions limit or interfere with previously acquired rights does not condemn it." Fleming v. Rhodes, 331 U.S. 100, 107, 67 S.Ct. 1140, 1144, 91 L.Ed. 1368.

 Appellant further argues that the 65% clause is discriminatory class legislation and therefore void. This argument needs little answer. In one sense the whole Rent Act is discriminatory. It applies only to housing accommodations and does not affect commercial property; and by amendment various classes of housing accommodations have been exempted from operation of the Act.[9] Congress has the power to make reasonable classifications in order to effect the purposes of the Act.[10] We cannot say that the 65% clause is without rationable basis.

Affirmed.

6. Cf. Queenside Hills Realty Co. v. Saxl, 328 U.S. 80, 66 S.Ct. 850, 90 L.Ed. 1096.

7. See Myers v. H. L. Rust Co., 77 U.S. App.D.C. 218, 134 F.2d 417.

8. See Fisch v. General Motors Corporation, 6 Cir., 169 F.2d 266, certiorari denied, 335 U.S. 902, 69 S.Ct. 405, Battaglia v. General Motors Corporation, 2 Cir., 169 F.2d 254, certiorari denied, 335 U.S. 887, 69 S.Ct. 236; and Seese v. Bethlehem Steel Co., 4 Cir., 168 F.2d 58, upholding the constitutionality of the Portal-to-Portal Act. 29 U.S.C.A. § 251 et seq.

9. For example, by the amendatory Act of April 29, 1948, Public Law 507, 80th Cong., 2d Sess., 62 Stat. 205, Congress exempted housing accommodations the construction of which was completed after March 31, 1948.

10. Cf. Marcus Brown Holding Co. v. Feldman, 256 U.S. 170, 41 S.Ct. 465, 65 L.Ed. 877.