SOL HECHTKOPF, Judgment Creditor, *v.* HERMAN MENDLOWITZ, Judgment Debtor.

City Court of New York, Kings County, September 27, 1935.

*Maurice Lefkort,* for the plaintiff.

*Nathan Friedman,* for the defendant.

FENNELLY, J. This is a motion made by the judgment creditor to compel the debtor to turn over to him or a receiver, policies of insurance of the face value in excess of $100,000, and to direct the insurance companies issuing said policies to pay so much of the cash surrender values as would be necessary to satisfy a judgment of $1,132.03 and interest.

In some of these policies the wife was originally named as beneficiary, with a reservation in insured to change the beneficiary; but in the majority of the policies either the insured or his estate was named as beneficiary. In the case of the latter, after the first judgment herein was obtained (the case was tried three times), the insured changed the beneficiary, his wife being named. It is the cash surrender value of these policies that the creditor contends constitutes a fund out of which his judgment should be satisfied.

Counsel upon the argument agreed with the court that if this fund could only be made available by establishing fraud in the transfer of the policies, a plenary action would be necessary.

The judgment creditor contends, however, that without any showing of fraud, he is entitled to that part of the surrender value of the policies latterly under discussion, necessary to satisfy his judgment, because he contends they are not exempted from the attack of creditors by section 55-a of the Insurance Law.

Section 55-a of the Insurance Law provides as follows:

" § 55-a. Rights of creditors and beneficiaries under policies of life insurance. If a policy of insurance, whether heretofore or hereafter issued, is effected by any person on his own life or on another life, in favor of a person other than himself, or, except in cases of transfer with intent to defraud creditors, if a policy of life insurance is assigned or in any way made payable to any such person, the lawful beneficiary or assignee thereof, other than the insured or the person so effecting such insurance, or his executors or administrators, shall be entitled to its proceeds and avails against the creditors and representatives of the insured and of the person effecting the same, whether or not the right to change the beneficiary is reserved or permitted, and whether or not the policy is made payable to the person whose life is insured if the beneficiary or assignee shall predecease such person; provided, that, subject to the statute of limitations, the amount of any premiums for said insurance paid with intent to defraud creditors, with interest thereon, shall inure to their benefit from the proceeds of the policy; but the company issuing the policy shall be discharged of all liability thereon by payment of its proceeds in accordance with its terms, unless before such payment the company shall have written notice, by or in behalf of a creditor, of a claim to recover for transfer made or premiums paid with intent to defraud creditors, with specification of the amount claimed."

In two cases, Stoudt v. Guaranty Trust Co. (150 Misc. 675; affd., 241 App. Div. 711) and Biegel v. Windschauer (153 Misc. 389), there is dicta to the effect that the protection against creditors afforded by section 55-a applies only to policies originally made payable to a third party beneficiary.

With such a construction I am unable to agree. It fails to give effect to the very language of the statute, to wit: " or, except in cases of transfer with intent to defraud creditors, if a policy of life insurance is assigned or in any way made payable to any such person." Surely changing the name of a beneficiary is one way of making a policy payable to a third person.

As I read it, this legislation is furthering the policy of protecting insurance funds for dependents and third party beneficiaries against the intrusion of creditors of the insured and applies not only to the proceeds of the policies after death, but to the cash surrender values available during the lifetime of the insured.

This motion must be denied, and the judgment creditor relegated to whatever remedies he may have in an action in fraud.