**In re Larry Wayne GRIESE and Janice Kay Griese, Debtors.**

**Bankruptcy No. 94–13283 RJB.**

United States Bankruptcy Court, D. Colorado.

Sept. 22, 1994.

Jane Carlson, Greeley, CO, for debtors.

C. Edward Stirman, Trustee, Fort Collins, CO.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER came on for hearing on September 12, 1994, on the Trustee's Objection to the Debtor's Claims of Exemptions.

The facts are not in dispute. Debtors claim an exemption under C.R.S. § 13–54–102(1)(*l*) for the cash surrender value for two life insurance policies. The total cash surrender value for both policies is less than $5,000.00.

The statute involved provides as follows: The following property is exempt from levy and sale under writ of attachment or writ of execution: ... (1) The avails of policies or certificates of life insurance to the extent of five thousand dollars ... [C.R.S. § 13–54–102(1)(*l*) ].

This Court has previously held that the term "avails" as used in the foregoing exemption statute did not refer to the cash

surrender value of the policy, but only to the benefits payable at the time that the policy matured. *In re Raymond,* 132 B.R. 53 (Bankr.Colo.1991), aff'd 987 F.2d 675 (10th Cir.1993). Although the Tenth Circuit did affirm *Raymond,* the issue of the status of cash surrender values in life insurance policies was not before it. The only issue on appeal was one concerning a claimed homestead exemption.

This Court in *Raymond* was guided by its previous holding in *In re Toner,* 105 B.R. 978 (Bankr.Colo.1989). *Toner* held that the term "avails" as used in another Colorado exemption statute (C.R.S. § 13–54–104) dealing with retirement benefits, referred only to the interest or income of such retirement plans, and not the corpus.

However, *Toner,* was effectively overruled by *In re Kulp,* 949 F.2d 1106 (10th Cir.1991). There the court held that the term "avails" as used in C.R.S. § 13–54–104 when dealing with IRA accounts meant not only the interest earned on such accounts, but the corpus as well. The Tenth Circuit did not find *Toner* as particularly persuasive. Thus, this Court deems it appropriate to re-examine its holding in the *Raymond* case.

*In re Monahan,* 171 B.R. 710 (Bankr.N.H. 1994), discusses the issue present here. In that case Judge Yacos correctly points out that a debtor's interests in a life insurance policy, such as the right to designate beneficiaries, and to cancel the policy and receive the cash surrender value, are property of the debtor's bankruptcy estate under 11 U.S.C. § 541. He then goes on to state that many of the cases dealing with exemptions may not be persuasive because of the specific wording of the individual state exemption statutes. I agree. Some state exemption statutes provide the exemption only to the beneficiary. Some require that the insurance policy must have the debtor's spouse and/or children named as the beneficiaries in order to claim the exemption. Some states have language that exempt the cash surrender value upon "maturity" of the policy. None of these types of restrictions appear in the Colorado statute.

As far back as 1905 the U.S. Supreme Court has held that cash surrender values of insurance policies are included in the term "avails" and are exempt, absent such restrictions, in interpreting a Washington state statute. *Holden v. Stratton,* 198 U.S. 202, 25 S.Ct. 656, 49 L.Ed. 1018 (1905). Other Courts have held likewise. *See, e.g., Matter of Summers,* 253 F.Supp. 113 (N.D.Ind.1966); and *In re Lamb,* 272 F.Supp. 393 (D.La. 1967). After a review of many cases, this Court is now convinced that the great weight of authority is that, absent some sort of restrictive conditions, when a state statute exempts the "avails" of a life insurance policy from the reach of creditors, that term encompasses the cash surrender value of such policies. Because Colorado has no restrictive conditions, this Court concludes that the term "avails" as used in C.R.S. § 13–54–102(1)(*l*) includes the cash surrender value of life insurance policies.

Some have argued that such an interpretation will lead to abuse by debtors in that they will be able, pre-petition, to take non-exempt assets and convert them to life insurance policies in derogation of the rights of their creditors. While it is true that some debtors may be tempted to follow this course, the creditors and the trustee have the ability to right any such wrongs through 11 U.S.C. § 548. It is, therefore,

ORDERED that the Trustee's Objection to the Debtors' claimed exemption to the cash surrender value of the subject life insurance policies is denied.