**In the Matter of Matthew R. HYDE, Debtor.**

**Bankruptcy No. 96–81523.**

United States Bankruptcy Court,
N.D. Alabama,
Northern Division.

Sept. 25, 1996.

**695**

Marvin E. Franklin, Birmingham, AL, for debtor.

Sharon Day, Huntsville, AL, for creditor.

---

## ORDER

JACK CADDELL, Bankruptcy Judge.

This matter is before the Court on the objection filed by Prudential Securities, Inc. (hereinafter "Prudential") to debtor's claims of exemption of an individual retirement account ("IRA") and certain life insurance proceeds. The hearing in this matter was held on the 14th day of August, 1996. The parties were granted leave to file post-hearing briefs on the issue of whether debtor's claims of exemption are due to be allowed as filed or overruled.

The facts of the present proceeding are essentially undisputed. The debtor filed a petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (hereinafter the "Bankruptcy Code"). In Schedules B and C of his bankruptcy petition, the debtor listed two (2) life insurance policies held by State Farm Life Insurance Company with an aggregate cash surrender value of approximately $2,000.00. The debtor is the insured under the policies, and his wife and daughter are the primary and secondary beneficiaries, respectively. The debtor also listed an IRA held at Merrill Lynch with a balance of approximately $13,500.00, a portion of which constituted transferred proceeds from a 26 U.S.C. § 401(k) retirement account maintained by debtor's previous employer.

Debtor's counsel first argues that debtor is entitled to exempt the life insurance proceeds pursuant to Alabama Code Sections 27–14–29 and 6–10–8. Counsel for Prudential counters that Section 27–14–29 does not provide an exemption for the insured, and instead argues that life insurance proceeds are only exempt against creditors of the beneficiary.

Section 27–14–29(a) provides in pertinent part as follows:

> If a policy of insurance, whether heretofore or hereafter issued, is effected by any person on his own life or on another life in favor of a person other than himself or, except in cases of transfer with intent to defraud creditors, if a policy of life insurance is assigned or in any way made payable to any such person, the lawful beneficiary, or assignee thereof, other than the insured or the person so effecting such insurance or his executors or administrators, shall be entitled to its proceeds and avails against the creditors, personal representatives, trustees in bankruptcy and receivers in state and federal courts of the person insured and of the person effecting the insurance, whether or not the right to change the beneficiary is reserved or permitted . . .

ALA.CODE § 27–14–29(a) (1975).

Section 6–10–8 provides a similar exemption for life insurance proceeds where the beneficiary is the husband, wife, or children of the insured.

In the case of *Shepard v. Morris (In re Morris),* 30 B.R. 392, 394 (Bankr.N.D.Ala. 1983) (citations omitted), Judge Edward Breland interpreted the life insurance exemption contained in Section 6–10–8 as follows:

> From the language of the statute itself and interpretive case law, the purpose of the statute is not to set aside an exemption for the benefit of the debtor, but to provide for the maintenance and support of the class of people, primarily the spouse and children. While the benefit inures directly to the named beneficiary, it is an exemption of the debtor, which he can claim . . .

It is clear from the plain language of the statutes and the analysis set forth in *In re*

*Morris* that insurance on the life of any person is exempt against the creditors of the insured and policy owner under Sections 27–14–29 and 6–10–8. In addition, subsection 27–14–29(c) of the Alabama Code includes the cash surrender value of a life insurance policy in the definition of proceeds and avails. Accordingly, the subject life insurance policies and the cash surrender value of such policies are exempt against the creditors of the debtor.

Next, with regard to debtor's claim of exemption of an IRA, debtor's counsel argues that debtor is entitled to exempt the subject IRA under Alabama Code Section 19–3–1(b), and in accordance with the case of *Dionne v. Harless (In re Harless),* 187 B.R. 719 (Bankr.N.D.Ala.1995) (J. Stilson). In the case of *In re Harless,* Judge Michael Stilson first determined that IRAs are property of the bankruptcy estate. However, Judge Stilson further determined that the Alabama Legislature created an enforceable exemption from the bankruptcy estate for IRAs pursuant to Section 19–3–1(b) of the Alabama Code. Counsel for Prudential again counters that the exemption is for the benefit of the beneficiary as opposed to the participant or debtor herein.

Counsel's argument would be well taken if debtor were attempting to utilize subsection 19–3–1(a) of the Alabama Code concerning traditional trusts for the support and maintenance of any child, grandchild, or relative of the participant. However, debtor relies on subsection 19–3–1(b) pursuant to which an IRA is exempt against creditors of the participant and beneficiary according to the plain language of the statute and the analysis set forth in *In re Harless. See In re Harless,* 187 B.R. at 735 (holding that Section 19–3–1(b) "provides an enforceable exemption for IRAs ... from debt collection in general and the bankruptcy estate in particular").

Based upon the foregoing, the Court finds, and it is ORDERED, ADJUDGED AND DECREED that Prudential's objection to debtor's claims of exemption of an IRA and certain life insurance proceeds is OVER-RULED, and debtor's claims of exemptions are allowed as filed.