**In re John William DAVIS, Debtor.**

**No. 01–01391.**

United States Bankruptcy Court, District of Columbia.

Feb. 28, 2002.

---

ShaRon M. Kelsey, Kelsey & DeBerry, LLP, Largo, MD, for Debtor.

William D. White, Lepon, McCarthy, White & Holzworth, PLLC, Washington, DC, trustee.

### DECISION RE TRUSTEE'S OBJECTION TO EXEMPTION

S. MARTIN TEEL, Jr., Bankruptcy Judge.

Under consideration is the Chapter 7 trustee's Objection to Exemption of Life Insurance Policy.[1] For the following reasons, the trustee's objection will be denied to the extent that the debtor seeks to exempt from the estate the proceeds of the life insurance policy (including its cash surrender value) so long as the beneficiary of the policy on the petition date was, and remains, a person other than the debtor, having an insurable interest in the life of the debtor.

### I

The debtor has claimed as exempt the $14,500.00 cash surrender value of a life insurance policy on the debtor's own life and payable to his wife. The exemption apparently relied upon by the debtor is currently codified as D.C.Code Ann. § 31–4716(a) (2001),[2] which states, in relevant part:

"When a policy of insurance ... is effected by any person on his own life ... in favor of some person other than himself having an insurable interest therein,

---

1. The trustee's objection (Docket Entry ("D.E.") No. 27, filed December 10, 2001) was supplemented by the trustee's Supplement to Objection to Exemption of Life Insurance Policy (D.E. No. 33, filed January 30, 2002). The debtor filed a Response to Trustee's Objection [to Exemption] of Life Insurance Policy (D.E. No. 29, filed January 7, 2002).

2. The debtor has cited as a basis for his exemption D.C.C.E. § 35–716 (1968), apparently meaning D.C.Code Ann. § 35–716 (1940). That provision was subsequently redesignated as D.C.Code Ann. § 35–521 (1981), and is presently designated as D.C.Code Ann. § 31–4716(a) (2001).

The debtor has also cited D.C.C.E. § 30–213 (1968), apparently referring to D.C.Code Ann. § 30–213 (1940), which stated:

All policies of life insurance upon the life of any person maturing on or after January 1, 1902, and which have been or shall be taken out for the benefit of or bona fide assigned to the wife or children of or any relative dependent upon such person, or any creditor, shall be vested in such wife or children or other relative or creditor, free and clear from all claims of the creditors of such insured person.

However, D.C.Code Ann. § 30–213 was repealed on October 1, 1976. Anti–Sex Discriminatory Language Act, 23 D.C.Reg. 2544 (1976).

... the lawful beneficiary ..., other than the insured ..., shall be entitled to its proceeds and avails against the creditors ... of the insured ... whether or not the right to change the beneficiary is reserved or permitted and whether or not the policy is made payable to the ... insured, if the beneficiary ... shall predecease such person whose life is insured ...."

In interpreting D.C.Code Ann. § 31–4716(a) as exempting the cash surrender value of the life insurance policy at issue, the debtor contends that:

(i) the debtor effected the life insurance policy upon his own life;

(ii) the life insurance policy was effected in favor of some person other than the debtor—his wife;

(iii) the debtor's wife had an insurable interest in the life insurance policy upon being named as beneficiary thereof, citing *Kindleberger v. Lincoln Nat'l Bank*, 155 F.2d 281, 285 (D.C.Cir.1946), *cert. denied*, 329 U.S. 803, 67 S.Ct. 495, 91 L.Ed. 686 (1947); and

(iv) the proceeds and avails of the life insurance policy in which the wife received a vested interest upon being named as beneficiary include the cash surrender value to which she would be presently entitled.

## II

It is established that where a debtor has taken out a life insurance policy on his own life that reserves to the debtor the ability to alter the beneficiary under the policy, the policy is property of the estate pursuant to 11 U.S.C. § 541(a)(1) to the extent of the cash surrender value of the policy on the date of filing of the petition. *In re Herrell*, 210 B.R. 386, 390 (Bankr.N.D.Fla.1997) (*citing Cohen v. Samuels*, 245 U.S. 50, 38 S.Ct. 36, 62 L.Ed. 143 (1917)).[3] However, the estate's interest in a policy is subject to a debtor's right to claim the cash surrender value as exempt. *Id.* at 390. The debtor in this case has chosen to rely upon D.C.Code Ann. § 31–4716(a) to do so.

### A.

While D.C.Code Ann. § 15–501 (2001) provides the state law exemptions most often relied upon by District of Columbia resident-debtors, D.C.Code Ann. § 31–4716(a) (or, as previously codified, D.C.Code Ann. § 35–716) provides an additional state law exemption which may be claimed pursuant to 11 U.S.C. § 522(b)(2). *See Kindleberger*, 155 F.2d at 287 (Prettyman, J. dissenting) (" 'The courts have interpreted [D.C.Code Ann. § 35–716] to exempt from bankruptcy proceedings the cash surrender value of the policy.' ... Every reference we have is to the statute as an exemption statute for the protection of a living beneficiary against the creditors of the insured.") (*quoting* H.R.Rep. No. 1526, 73d Cong., 2d Sess. (1934) and S.Rep. No. 1420, 73d Cong., 2d Sess. (1934)).[4] This observation applies, however, only so long as the debtor has not

---

**3.** In *Cohen,* the Supreme Court held that even though the policies at issue were not payable to the debtor, the cash surrender value of the policies was an asset which passed to the bankruptcy trustee under § 70a of the Bankruptcy Act (11 U.S.C. § 110(a)) because the insured debtor had the power, by reason of the reservation in the policies, to make the policies payable to himself. 245 U.S. at 51, 38 S.Ct. 36.

**4.** The majority in *Kindleberger,* disagreed with the dissent regarding the rights of a beneficiary who predeceased the insured, but did not disagree that D.C.Code Ann. § 35–716 acted to exempt from a bankruptcy estate the cash surrender value of a policy for which a beneficiary other than the insured had been designated.

designated himself as the beneficiary. *See In re Messinger,* 29 F.2d 158, 160 (2d Cir.1928), *cert. denied,* 279 U.S. 855, 49 S.Ct. 351, 73 L.Ed. 996 (1929) ("[Insurance Law of New York (Consol.Laws, c. 28) section 55a (a statute nearly identical to D.C.Code Ann. § 31–4716(a)) ] does not exempt the bankrupt if he exercises his reserved power to change the beneficiary for his personal advantage, and indeed precludes an exemption in such case by saying that the 'beneficiary ... other than the insured' shall be entitled to the proceeds and avails.").

■ The requirements which must be satisfied for the debtor's claim of exemption under D.C.Code Ann. § 31–4716(a) to be effective to exempt the cash surrender value of the debtor's life insurance policy are:

- the insured must have effected a life insurance policy on his own life in favor of another;
- the beneficiary must have an insurable interest in the life of the debtor; and
- the property being claimed as exempt is a proceed or avail of the life insurance policy.

1. *The debtor effected a life insurance policy on his own life in favor of his wife.*

The first requirement of D.C. Code Ann. § 31–4716(a) shall be deemed satisfied, unless the trustee elects to contest the debtor's factual representations.

2. *The debtor's wife has an insurable interest in the life of the debtor.*

■ The debtor cites *Kindleberger* to support his contention that his wife ac-

quired a vested interest in the policy upon being named beneficiary. The difficulty with the debtor's proposition and his reliance upon *Kindleberger* is two-fold. First, the debtor misinterprets the "insurable interest" requirement of D.C.Code Ann. § 31–4716(a): the statute does not require that the beneficiary have an insurable interest in the policy itself; it requires that the beneficiary have an insurable interest in the life of the person insured by the policy. Second, The debtor in this case cannot rely upon *Kindleberger* as to this requirement of the statute because the Court of Appeals in *Kindleberger* relied upon D.C.Code Ann. § 30–213 to find that the beneficiary had a vested interest in the policy at issue, but D.C.Code Ann. § 30–213 was repealed in 1976.[5]

The debtor's misreading of D.C.Code Ann. § 31–4716(a) is understandable given the Court of Appeals' statement that:

[I]f the test of the statute's applicability be based on whether the deceased beneficiary had acquired a **vested interest in the policy,** it is immediately seen [by reason of D.C.Code Ann. § 30–213] that in the District of Columbia there can be no question as to whether a wife acquires a vested interest when she is named beneficiary.

*Kindleberger,* 155 F.2d at 285 (emphasis added). In so stating, the Court of Appeals was merely positing what the outcome would be if, but did not hold that, D.C.Code Ann. § 31–4716(a) applies only when the wife has acquired a vested interest.[6] A holding that a vested interest was required would have ignored the distinction between a beneficiary having an insur-

---

5. Former D.C.Code Ann. § 30–213 provided that a life insurance policy taken out for the benefit of the insured's wife immediately vested in such wife free and clear of all claims of creditors of the insured. *See* note 2, *supra.*

6. The Court of Appeals was reviewing Kentucky decisions (interpreting a somewhat different Kentucky statute) that viewed the Kentucky statute as inapplicable absent vesting.

able interest in the life of a person insured (what the statute requires) and having a "vested interest in the policy." What the statute actually requires is clear upon a close reading of D.C.Code Ann. § 31–4716(a), which states in relevant part:

> When a policy of insurance, whether heretofore or hereafter issued, is effected by any person on his own life or on another life in favor of some person other than himself having an insurable interest therein . . . .

Clearly, the phrase "having an insurable interest therein" refers to the beneficiary having such an interest in the life of the person insured. The Court of Appeals' resort to D.C.Code Ann. § 30–213 mooted the necessity of deciding whether D.C.Code Ann. § 31–4716(a) applied only if the policy had vested in the beneficiary.

■■■ Even in the absence of D.C.Code Ann. § 30–213, the "insurable interest" requirement of D.C.Code Ann. § 31–4716(a) is satisfied here. The term "insurable interest" has a well established meaning under the common law that is different from the concept of a vested ownership of the policy itself, and of which Congress was presumably aware when it enacted the statutory predecessor of D.C.Code Ann. § 31–4716(a). Under the common law, spouses have an insurable interest in one another. See Hopkins v. Hopkins, 328 Md. 263, 614 A.2d 96, 98 (1992) ("At common law, an insurable interest connoted a relationship between the insured and the beneficiary such that, for the beneficiary, 'there is an actual expectancy which will be curtailed by the insured's death.' Such relationships may be pecuniary or based on blood or affinity.") (quoting Robert E. Keeton & Alan I. Widiss, Insurance Law § 3.5(a), at 179 (1988)); Green v. Southwestern Voluntary Ass'n, 179 Va. 779, 20 S.E.2d 694, 696 (1942) ("[W]hen, from the personal relationship between them, the

[insurer] has a reasonable right to expect some pecuniary advantage from the continuance of the life of the [insured], or to fear loss from his death, an insurable interest exists.") (citation omitted). The court in Hopkins continued, "[t]he direct and intimate ties existing between husband and wife are such that each reasonably has an expectancy of a familial benefit, if not an economic one, from the continued life of the other." Hopkins, 614 A.2d at 99 (citing Edwin W. Patterson, Essentials of Insurance Law § 38, at 172–74 (1957)). Accordingly, the second requirement of D.C.Code Ann. § 31–4716(a) is satisfied.

### 3. The cash surrender value of the debtor's life insurance policy is a proceed or avail of the policy.

■■■ The debtor also cites Kindleberger for the proposition that the cash surrender value of a life insurance policy is a **proceed** of the policy. The debtor quotes the dissent's observation, with which the majority did not disagree, that "[t]he courts have interpreted [D.C.Code Ann. § 35–716] to exempt from bankruptcy proceedings the cash-surrender value of a policy." Kindleberger, 155 F.2d at 287 (Prettyman, J. dissenting) (footnote omitted). Courts in other jurisdictions interpreting state law exemption statutes that are substantially similar to D.C.Code Ann. § 31–4176(a) have held the cash surrender value of a life insurance policy to be a proceed of such policy. See Smith v. Metro. Life Ins. Co., 43 F.2d 74, 76 (3d Cir.1930) (cash surrender value exempt under substantially similar New Jersey statute); Messinger, 29 F.2d 158, 161; In re Weisman, 10 F.Supp. 312, 314 (S.D.N.Y.1934) (nearly identical New York exemption statute applicable to cash surrender value); In re Hyde, 200 B.R. 694, 696 (Bankr.N.D.Ala.1996) (finding Ala.Code § 27–14–29(a) (1975) to exempt cash surrender value as proceeds and avails of life insurance policy); Na-

*tional Equity Life Ins. Co. v. Eicher,* 633 So.2d 1351, 1355 (La.Ct.App.1994) (substantially similar Louisiana exemption statute found applicable to cash surrender value of life insurance policy). Similarly, the cash surrender value of a life insurance policy has been found to be an **avail** of such policy. *Holden v. Stratton,* 198 U.S. 202, 25 S.Ct. 656, 49 L.Ed. 1018 (1905); *In re Lamb,* 272 F.Supp. 393, 396 (D.La. 1967); *In re Summers,* 253 F.Supp. 113, 115 (N.D.Ind.1966); *Hyde,* 200 B.R. at 696; *In re Griese,* 172 B.R. 336, 337 (Bankr. D.Colo.1994). In either case, the third requirement for the application of D.C.Code Ann. § 31–4716(a) is satisfied.

### B.

 A minority of courts has interpreted various state statutes exempting the proceeds of life insurance policies as being properly claimed only by a beneficiary and not a debtor-insured. *See Caron v. Farmington Nat'l Bank,* 82 F.3d 7, 10 (1st Cir.1996) (interpreting New Hampshire

exemption statute which, unlike D.C.Code Ann. § 31–4716(a), specifically limited the exemption to policies where right to alter the beneficiary was not reserved); *Morgan v. McCaffrey,* 286 F. 922, 923–24 (5th Cir.1923) (interpreting Florida exemption statute expressly limiting exemption to cases where death had occurred). In the absence of statutory language expressing such a limitation, the court will not so limit the application of D.C.Code Ann. § 31–4716(a). Further, it is appropriate to interpret the statute in the manner which most broadly effectuates the purpose ascribed to it by the Court of Appeals in *Kindleberger,* which stated, "such authority as does exist confirms our view that the Congress intended the statute to mean that the lawful beneficiary, or the executors or administrators of the beneficiary, should be entitled to the proceeds of the policy against the creditors and representatives of the insured." *Kindleberger,* 155 F.2d at 283.[7] To that end and it being appropriate to do so,[8] the court will adopt

---

7. The precise holding of *Kindleberger* (that the executor of a beneficiary who predeceased the insured was entitled to the insurance proceeds as against the executor of the insured) was statutorily overruled by subsequent amendment of D.C.Code Ann. § 35–716. Act of August 1, 1947, ch. 427, 61 Stat 711 (1947). The purpose of the amendment was "to provide for the payment of benefits to the executors or administrators of the person whose life is insured in the event that the named beneficiary predeceases such named insured." H.R.Rep. No. 446, 80th Cong., 1st Sess. (1947); S.Rep. No. 368, 80th Cong., 1st Sess. (1947). However, to the extent relied upon here, *Kindleberger* remains good law. *See* note 4, *supra.*

8. Given that D.C.Code Ann. § 35–716, the statutory predecessor of D.C.Code Ann. § 31–4716(a), was "copied" from § 55a of the former version of the Insurance Law of New York, *Kindleberger,* 155 F.2d at 283, the court finds authority interpreting § 55a persuasive for purposes of discerning the correct interpretation and application of D.C.Code Ann.

§ 31–4716(a). Insurance Law of New York § 55a provided:

If a policy of insurance, whether heretofore or hereafter issued, is effected by any person on his own life or on another life, in favor of a person other than himself, or, except in cases of transfer with intent to defraud creditors, if a policy of life insurance is assigned or in any way made payable to any such person, the lawful beneficiary or assignee thereof, other than the insured or the person so effecting such insurance, or his executors or administrators, shall be entitled to its proceeds and avails against the creditors and representatives of the insured and of the person effecting the same, whether or not the right to change the beneficiary is reserved or permitted, and whether or not the policy is made payable to the person whose life is insured if the beneficiary or assignee shall predecease such person: Provided, that, subject to the statute of limitations, the amount of any premiums for said insurance paid with intent to defraud creditors, with interest

the reasoning of courts that have applied New York law to allow a debtor in bankruptcy to claim as exempt the cash surrender value of a life insurance policy insuring the life of the debtor that is payable to a beneficiary other than the debtor. *See In re Keil,* 88 F.2d 7, 8 (2d Cir.1937) ("[Section 55a of the Insurance Law of New York] has been construed to exempt the cash surrender value of policies on the bankrupt's life payable to his wife . . . ."); *Schwartz v. Holzman,* 69 F.2d 814 (2d Cir.1934) (finding exemption claimed by debtor-insured under New York law of proceeds and avails payable to spouse to preclude recovery by trustee of cash surrender value actually paid to spouse); *Messinger,* 29 F.2d at 160; *In re Firestone,* 2 F.Supp. 96 (S.D.N.Y.1932); *Males v. New York Life Ins. Co.,* 48 A.D.2d 50, 367 N.Y.S.2d 575, 578 (1975) (insurance policy naming debtor's wife as beneficiary deemed to be exempt in debtor's bankruptcy proceeding). To do otherwise would be to limit the application of the exemption to potential proceeds and avails, in effect rendering the statute a nullity during the life of the insured. Such interpretation would contravene the policy underlying the statute which has been said to be, "protecting insurance funds for dependents and third party beneficiaries against the intrusion of creditors of the insured and applies not only to the proceeds of the policies after death, but to the cash surrender values available during the lifetime of the insured." *Hechtkopf v. Mendlowitz,* 156 Misc. 635, 282 N.Y.S. 338, 340 (N.Y. Spec. Term 1935).

### III

While the court's interpretation of D.C.Code Ann. § 31–4716(a) may result in some abuse by debtors who attempt prepetition to convert non-exempt assets to life insurance policies in derogation of the rights of their creditors, the potential for abuse is mitigated by the language of the statute itself [9] and the power of the bankruptcy trustee under 11 U.S.C. §§ 548(a) and 550 to avoid and recover such transfers for the benefit of the bankruptcy estate.

Moreover, the debtor's interest in the insurance policy remains exempt only so long as the debtor does not change the beneficiary designation to his own advantage (as by obtaining the cash surrender value proceeds for his own use). *Messinger,* 29 F.2d at 161–62 ("[I]f the bankrupt shall at any time exercise his power to change the beneficiary for his personal advantage, the cash surrender value shall constitute unadministered as-

---

thereon, shall enure to their benefit from the proceeds of the policy; but the company issuing the policy shall be discharged of all liability thereon by payment of its proceeds in accordance with its terms, unless before such payment the company shall have written notice, by or in behalf of a creditor, of a claim to recover for transfer made or premiums paid with intent to defraud creditors, with specification of the amount claimed.

Former § 55a was essentially identical to § 3212(b)(1) of the current Insurance Law of New York. *In re Polanowski,* 258 B.R. 86, 89 (Bankr.W.D.N.Y.2001).

**9.** D.C.Code Ann. § 31–4716(a) provides in relevant part:

[S]ubject to the statute of limitations the amount of any premiums for said insurance paid with intent to defraud creditors, with interest thereon, shall inure to their benefit from the proceeds of the policy, but the company issuing the policy shall be discharged of all liability thereon by payment of its proceeds in accordance with its terms, unless before such payment the company shall have written notice by or on behalf of a creditor to recover for transfer made or premiums paid with intent to defraud creditors with specifications of the amount claimed.

sets of the bankruptcy estate."). *Accord, McConnico v. Privett (In re Privett)*, 435 F.2d 261, 264 (10th Cir.1970).

The issue is not one under 11 U.S.C. § 541(a)(5) of after-acquired property (that is, property acquired postpetition). The cash surrender value of the life insurance policy is property of the estate as of the petition date, subject to a qualified exemption from that estate under District of Columbia law, the property being exempt only so long as the debtor does not name himself beneficiary.[10]

## IV

For the foregoing reasons, the trustee's Objection to Exemption of Life Insurance Policy (D.E. No. 27) will be denied to the extent stated above. This leaves it open to the trustee to secure the cash surrender value of the policy if the debtor is in error regarding his wife having been named the beneficiary prepetition, but the trustee has not had an opportunity to specifically address that issue, and the court's order will

set a schedule for doing so. The exemption will further be limited to recognize its contingent nature: if the debtor postpetition has made or makes a change in the beneficiary designation to his personal advantage (as by obtaining the cash surrender value proceeds for his own use) then the policy and its proceeds shall no longer be exempt against the creditors of this estate.[11]

In future cases, debtors should restrict their claim of exemption in this fashion, instead of claiming the exemption of the insurance policy without qualification.

---

**10.** The contingently exempt nature of the cash surrender value of the life insurance policy is thus analogous to a debtor's contingently exempt interest in a homestead under Virginia law. Unless the debtor complies postpetition with the recordation requirement imposed by Virginia law, a timely objection to a claim of entitlement to the homestead exemption on the bankruptcy schedules will be sustained. *See Zimmerman v. Morgan (In re Morgan)*, 689 F.2d 471 (4th Cir.1982); *Mayer v. Quy Van Nguyen (In re Quy Van Nguyen)*, 211 F.3d 105 (4th Cir.2000). Although the contingent nature of the exemption of the cash surrender value of the insurance policy here will be more open-ended (because the exemption could be lost at any time by a voluntary act of the debtor naming himself beneficiary), that is but a reflection of District of Columbia law.

This may be contrasted to an exemption of tenancy by the entirety property under 11 U.S.C. § 522(b)(2)(B). There the exemption is of "any interest in property in which the debtor had, **immediately before the commencement of the case,** an interest as a tenant

by the entirety." [Emphasis added.] A postpetition event (such as the death of the debtor's spouse) that terminates the tenancy by the entirety is thus irrelevant under § 522(b)(2)(B).

**11.** If the debtor's bankruptcy case is closed without the life insurance policy having been administered in this fashion, the life insurance policy will be abandoned to the debtor (unless the court orders otherwise). 11 U.S.C. § 554(c) ("Unless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title."). In the event of such abandonment, the debtor will own the policy (regardless of exemptability) even if he designates himself beneficiary. The court does not address here whether it would be equitable to enter an order under § 554(c) that restricts such automatic abandonment of the life insurance policy, an issue that might turn in part on the extent of nondischargeable debt.